# GULF OIL CORPORATION *v.* LEWELLYN, COL-LECTOR OF INTERNAL REVENUE FOR THE TWENTY-THIRD DISTRICT OF PENNSYL-VANIA.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 310. Argued November 4, 1918.—Decided December 9, 1913.

Dividends of earnings by subsidiaries to a company holding all their stock and controlling them in conducting a single enterprise, the result of the transfers being merely that the main company became the holder of debts in the business, previously due from one subsidiary to another, *held* not taxable as income under the Income Tax Act of October 3, 1913, where the earnings were accumulated before the taxing year and had practically become capital. *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330.

245 Fed. Rep. 1, reversed.

THE case is stated in the opinion.

*Mr. Wm. A. Seifert*, with whom *Mr. J. H. Beal* was on the brief, for petitioner.

*Mr. William C. Herron* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to recover a tax levied upon certain dividends as income, under the Act of October 3, 1913, c. 16, § II, 38 Stat. 114, 166. The District Court gave judgment for the plaintiff, 242 Fed. Rep. 709, but this judgment was reversed by the Circuit Court of Appeals. 245 Fed. Rep. 1. 158 C. C. A. 1.

The facts may be abridged from the findings below as follows. The petitioner was a holding company owning

all the stock in the other corporations concerned except
the qualifying shares held by directors.   These com-
panies with others constituted a single enterprise, carried
on by the petitioner, of producing, buying, transporting,
refining and selling oil.   The subsidiary companies had
retained their earnings, although making some loans
*inter se*, and all their funds were invested in properties
or actually required to carry on the business, so that the
debtor companies had no money available to pay their
debts.   In January, 1913, the petitioner decided to take
over the previously accumulated earnings and surplus
and did so in that year by votes of the companies that it
controlled.   But, disregarding the forms gone through,
the result was merely that the petitioner became the
holder of the debts previously due from one of its com-
panies to another.   It was no richer than before, but
its property now was represented by stock in and debts
due from its subsidiaries, whereas formerly it was repre-
sented by the stock alone, the change being effected by
entries upon the respective companies' books.   The
earnings thus transferred had been accumulated and had
been used as capital before the taxing year. *Lynch* v.
*Turrish*, 247 U. S. 221, 228.

We are of opinion that the decision of the District
Court was right.   It is true that the petitioner and its
subsidiaries were distinct beings in contemplation of law,
but the facts that they were related as parts of one enter-
prise, all owned by the petitioner, that the debts were all
enterprise debts due to members, and that the dividends
represented earnings that had been made in former years
and that practically had been converted into capital,
unite to convince us that the transaction should be re-
garded as bookkeeping rather than as "dividends declared
and paid in the ordinary course by a corporation." ·
*Lynch* v. *Hornby*, 247 U. S. 339, 346.   The petitioner did
not itself do the business of its subsidiaries and have

possession of their property as in *Southern Pacific Co.* v. *Lowe,* 247 U. S. 330, but the principle of that case must be taken to cover this. By § II, G, (c), 38 Stat. 174, and S, *id.* 202, the tax from January 1 to February 28, 1913, is levied as a special excise tax, but in view of our decision that the dividends here concerned were not income it is unnecessary to discuss the further question that has been raised under the latter clause as to the effect of the fact that excise taxes upon the subsidiary corporations had been paid.

*Judgment reversed.*