*368 OPINION.
Trussell:
The facts herein found are not in controversy. The issue is whether the petitioner derived taxable gain during the year 1921 from the transactions set forth in the findings of fact.
When all of the agreements necessary to the plan of the reorganization of petitioner’s business had been made, representatives of all the parties met and carried out and executed the agreements as set forth herein. At the conclusion of these transactions the United *369 Electric Coal Co. held all the assets formerly belonging to the petitioner, together with $1,100,000 paid for the bond issue, less the amount of $125,000 commission retained by the bankers, and less the amount paid to Walter J. Grant for title to the coal properties thus acquired by the corporation. The bankers held the issued $1,250,000 of bonds and $125,000 in cash. The petitioner held all the common and all the preferred stock of the United Electric Coal Co. He had transferred to that company all of the several properties previously owned by him and he received and thereafter held the beneficial ownership and the control of the corporation.
Upon consideration of all the facts it is clearly shown that the several transactions among petitioner, the corporation, and the bankers, were related and interdependent. That such was the case is conceded by the respondent. They were merely steps taken to arrive at a reorganization and a refinancing of the corporation which would secure the property to the latter upon a basis of long deferred payment and permit it to be held and operated without acute danger of loss of the investment, this condition being further aided and strengthened by a liquidation of the corporation’s very large indebtedness to petitioner by issue of common stock and its acquisition of some $300,000 of additional liquid assets for a preferred stock issue of $250,000. This refinancing had the effect also of relieving the petitioner of his individual liabilities under the lease and his guarantee of the contract of purchase. In this connection, it must be kept in mind that, in so far as these transactions between petitioner and the corporation are concerned, although they are between distinct and separate entities, there was only one interest involved, all of the stock of the corporation being owned by petitioner, and its acts being entirely subject to his dictation.
Respondent insists that the obligation to pay $125,000 to the bankers was not a corporate obligation but one of petitioner individually, and that the ultimate consideration for this payment was represented by the issue to petitioner of additional stock. Petitioner admits that the obligation was personal, but contends that the consideration was represented by the release secured by him from individual liability under his aforementioned guarantee.
After careful consideration of the record, we find it impossible to conclude that the consideration for the payment of the bankers’ commission was wholly personal to petitioner in the release of liability under the guarantee. It is true that the refinancing of the matter upon the basis agreed upon had this effect, and it is evident that the fact that it would so result was one of the inducing causes for the action taken, but the payment of the commission was something required by the bankers for their extension of credit to the corporation; *370 its payment was necessary to secure to the latter ultimate title to the property and the refinancing of its affairs, and it is quite evident that this refinancing was in the interest of the corporation as well as of petitioner.
The ultimate question is the net gain, if any, to petitioner from the series of related and interdependent transactions. In determining this, must we, as both parties to the proceeding have done, consider the several transactions as separate and distinct, each giving rise to possible gain or loss, or consider them as one transaction and measure petitioner’s gain or loss by the ultimate result to him by their performance? Where a general purpose is carried out by a series of separate contracts such as those here involved, all interdependent and all intended to effect a definite result understood and agreed upon before any one of the several obligations is assumed, the realization of taxable income by one of the individual parties is determined by the result to him of the several transactions. Cf. Minneapolis Syndicate, 13 B. T. A. 1303; R. H. Perry & Co., 12 B. T. A. 328; Mellon v. United States, 279 Fed. 910.
In the case before us, petitioner agreed to transfer the lease to the corporation for $125,000 cash, and at the same time agreed to pay a similar amount to the bankers for their undertaking to do those things which made possible the acquisition by the corporation of the lease and other assets. His agreement to pay this amount to • the bankers was but an incident of the transaction under which it was agreed that he would receive $125,000 in cash and certain stock from the corporation in return for his assets, and it must be admitted that, as a result of the simultaneous transfers, petitioner held in the place of the assets formerly belonging to him 14,980 shares of common stock and $250,000 of preferred stock of the corporation — before any of the separate transactions were agreed upon or carried out it was definitely determined and fixed that this would be, as to him, its ultimate effect.
The $125,000 claimed to have been constructively received by petitioner in this transaction can not be held to represent income realized by him when an obligation created as an incident of the same transaction required that he simultaneously surrender it. Such an item does not meet the definition of income in Eisner v. Macomber, 252 U. S. 189, as “ not a gain accruing to capital, not a growth or increment of value m the investment; but a gain, a profit, something of exchangeable value, proceeding from the property, severed from the capital however invested or employed, and coming in, being derived,’ that is received or drawn by the recipient (the taxpayer) for his separate use, benefit and disposal.”
We hold that as to this taxpayer these several related transactions were in effect one transaction and the methods used or forms adopted *371 to effect the result agreed upon were not material, the taxability of this petitioner being determined not by the form, but by the result. Cf. Western Maryland Ry. Co. v. Commissioner, 33 Fed. (2d) 695; Weiss v. Stearn, 265 U. S. 242; United States v. Phellis, 257 U. S. 156; Gulf Oil Corporation v. Lewellyn, 248 U. S. 71. No amount should have been included in petitioner’s return for the year 1921 as a gain from the sale of the lease or as a deduction for commissions paid the bankers. The amounts in question are merely factors in the determination of the gain or loss sustained by him as a result of the transaction.
Reviewed by the Board.

Judgment will be entered pursuant to Rule 50.

Marquette, Smith, SteRniiagen, Phillips, and Black, concur in the result only.