**LABROT et al. v. BURNET, Commissioner of Internal Revenue.**

**No. 5279.**

Court of Appeals of the District of Columbia.

Argued Jan. 7, 1932.

Decided Feb. 15, 1932.

Paul F. Myers, of Washington, D. C., for appellants.

Sewall Key, C. M. Charest, J. MacC. Hudson, and Hayner N. Larson, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case is here under chapter 27, §§ 1001, 1002, and 1003 of the Revenue Act of 1926 (44 Stat. 9, 109, 110 [26 USCA § 1224 and note; §§ 1225, 1226]) on petition for review of decisions of the United States Board of Tax Appeals.

Petitioners, husband and wife, were notified of a finding by the respondent of a deficiency in their income taxes for the year 1921, amounting in his case to some $12,500 and in hers to slightly less.

The questions involved are identical.

Something over twenty years ago they formed a partnership known as Labrot & Co. for the purpose of holding all of the property belonging to the partners.

Each of them owned a half interest in the partnership.

Thereafter the partnership acquired 550 acres of land in Anne Arundel county, Md., and extensively improved it under the name of Holly Beach Farm, all of which cost $195,443.38.

In 1920 the partnership purchased Tryall Farm, adjoining, containing about 450 acres, for $65,098.

July 8, 1921, the petitioners formed a corporation under the laws of Maryland, which they called Labrot & Co. (Inc.), for the purpose of taking over and holding the real estate then owned by the partnership.

Of its capital stock of 500 shares, par value $500 a share, petitioners subscribed for 494 shares, W. H. Labrot and S. W. Labrot, Jr., 2 shares each, and one Mims and one Marshall 1 share each.

On July 26, 1921, the partnership paid $86,440.53 in cash or its equivalent, on account of these subscriptions.

The same day it made an offer to sell to the corporation Holly Beach Farm for $75,000 and Tryall Farm for $55,000, which offer was immediately accepted.

The corporation thereupon paid the partnership $75,000 by check for the Holly Beach Farm and similarly $5,000 on the purchase of Tryall.

The remaining $50,000 was credited on its books as a payment on the stock.

Thereafter petitioners in their income tax returns deducted as a loss the difference between the cost to the partnership of the two farms and the sale price to the corporation.

The deduction was disallowed by the Commissioner of Internal Revenue, and his action was upheld by the Board of Tax Appeals.

Section 202 (c) (3) of the Revenue Act of 1921 (42 Stat. 230) provides:

"(c) For the purposes of this title, on an exchange of property, real, personal, or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

"(3) When (A) a person transfers any property, real, personal or mixed, to a corporation, and immediately after the transfer is in control of such corporation, or (B) two or more persons transfer any such property to a corporation, and immediately after the transfer are in control of such corporation, and the amounts of stock, securities, or both, received by such persons are in substantially the same proportion as their interests in the property before such transfer. For the purposes of this paragraph, a person is, or two or more persons are, 'in control' of a corporation when owning at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation."

The Board of Tax Appeals, in considering the application of that section to this case said: "The substance of the transaction is that the partnership exchanged the farms for stock of the corporation, and that after the exchange the partnership was in control of the corporation, as the word control is used in the section of the statute just quoted. We are of opinion that the transaction is essentially one of the kind in which Congress did not intend for the purposes of taxation to recognize either gain or loss, and that we should be governed by its substance and not its form." With that reasoning of the Board of Tax Appeals we agree.

In transactions like the one before us, substance and not form determines the applicability of the taxing act. Southern Pacific Co. v. Lowe, 247 U. S. 330, 38 S. Ct. 540, 62 L. Ed. 1142; Gulf Oil Corporation v.

Lewellyn, 248 U. S. 71, 39 S. Ct. 35, 63 L. Ed. 133; U. S. v. Phellis, 257 U. S. 168, 42 S. Ct. 63, 66 L. Ed. 180.

Appellants neither gained nor lost by this transaction.

The fact that they incorporated themselves into a chartered company in no way enhanced their right to deduct losses from their taxable income. Tsivoglou v. U. S. (C. C. A.) 31 F.(2d) 706.

Before their conveyance to the company they owned together a farm worth approximately $250,000.

After their conveyance their certificates of stock in the corporation were for all practical purposes their muniments of title to the same property.

If considered as a sale, it was, in effect, a sale to themselves for about half of the cost or value of the property, and we are of opinion that such a sale would not have been made to others for such a price.

While if deduction of the other half of the value invested was permissible as a loss, it follows that the appellants could as well have sold to themselves for a merely nominal consideration and deducted a greater loss.

We regard the case as falling within the provisions of section 202 of the statute hereinbefore quoted, and the decision of the Board of Tax Appeals is accordingly affirmed.

Affirmed.