## H. H. MILLER INDUSTRIES CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5987.

Circuit Court of Appeals, Sixth Circuit.

Nov. 4, 1932.

J. C. Little, of Cleveland, Ohio (Tolles, Hogsett & Ginn, of Cleveland, Ohio, on the brief), for petitioner.

J. M. Hudson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Robert L. Williams,

all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner claimed deduction from gross income in its return for 1921 income tax of an amount representing exhaustion of a patent for an ice cream freezer. The Commissioner disallowed the deduction, and assessed a deficiency tax. A petition to review was denied by the Board of Tax Appeals, and from its order redetermining the tax this appeal is brought.

The petitioner is an Ohio corporation, organized in 1918 as successor to a New Jersey corporation organized in 1901. All of the assets of the New Jersey corporation were transferred to the Ohio company, and the latter's shares exchanged for those of the former, share for share. The name and capital structure of the two corporations were identical. The stockholders remained the same, the officers were unchanged, and the reorganization was accomplished without even a bookkeeping entry. Upon the incorporation of the Ohio company, the New Jersey corporation was dissolved. The only reason disclosed by the record for the change was that it was found inconvenient to hold meetings and maintain a statutory office in New Jersey. The patent was issued to the New Jersey corporation in 1910, and was the principal asset transferred to the Ohio corporation upon its organization. The question presented is whether the petitioner may be allowed a deduction for exhaustion of the patent as of its March 1, 1913, value, or must such allowable deduction be based upon the cost to it in 1918, when it took over the assets of the New Jersey company, and, in the absence of proof of cost to the petitioner in 1918, was the Board of Tax Appeals right in denying any deduction for depreciation?

Petitioner presented proof before the Board tending to show that machines made under its patent effected a labor saving of at least one-half over other machines; that the patent was the foundation for the great increase in ice cream consumption that arose during its life; that the validity of the patent was successfully maintained as against many infringers; that as a result of patent litigation the petitioner received in settlement from three infringing competitors the sum of $436,000, and that a decree was obtained against a fourth infringer shortly before the hearing by the Board. It presented opinion evidence tending to show that the value of the patent as of March 1, 1913, was somewhere between four hundred thousand and five hundred thousand dollars. All of this evidence was deemed to be immaterial by the Board because in its judgment the base for computing exhaustion was not March 1, 1913, value, but cost to the Ohio company at the date of organization and transfer of assets, and this on the sole ground that the two corporations were technically separate and distinct taxable entities.

We are unable to agree with the conclusions of the Board. A taxing statute must be construed with regard to substance rather than to form. Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180; Bowers v. Kerbaugh-Empire Company, 271 U. S. 170, 46 S. Ct. 449, 70 L. Ed. 886. Corporate entities are disregarded for tax purposes where subsidiary corporations are wholly owned by parent companies. Southern Pacific Company v. Lowe, 247 U. S. 330, 38 S. Ct. 540, 62 L. Ed. 1142; Gulf Oil Corporation v. Lewellyn, 248 U. S. 71, 39 S. Ct. 35, 63 L. Ed. 133. Where reorganization involves no change in capital structure, the new corporation is considered substantially a continuation of the old. Weiss v. Stearn, 265 U. S. 242, 44 S. Ct. 490, 68 L. Ed. 1001, 33 A. L. R. 520.

Chief reliance is placed by the respondent upon the case of Marr v. United States, 268 U. S. 536, 45 S. Ct. 575, 69 L. Ed. 1079. In distinguishing the situation there involved from that presented in Weiss v. Stearn, supra, the Supreme Court concluded that the new corporation whose stock had been distributed to shareholders of the old company was essentially a different corporation, and one of the grounds relied upon was that a corporation under the laws of one state does not have the same rights and powers as one organized under the laws of another, and that, because of these inherent differences in rights and powers, both the preferred and common stock of the old corporation is an essentially different thing from stock of the same general kind in the new. The court found, however, other differences in the two corporations substantial in character; that a 6 per cent. nonvoting preferred stock is an essentially different thing from a 7 per cent. voting preferred stock; that common stock subject to priority of $20,000,000 preferred, and a $1,200,000 annual dividend charge, is an essentially different thing from a common stock subject only to $15,000,000 preferred,

414

and a $1,050,000 annual dividend charge. We cannot say, therefore, that mere change of domicile was the sole or predominating reason for holding the two corporations substantially different entities. The minority opinion considered this circumstance a relatively unimportant one.

Be that as it may, the question involved in the Marr case was whether any part of the new securities issued to old stockholders constituted taxable income, and in that respect the difference in the relation of the stockholder to his company under the laws of different states had important bearing. The determination here involved is not one to be affected by such differences. We have here substantial identity of two corporations, with the same capital structure, same officers, and the same assets. Under these circumstances, to hold that they are two distinct taxable entities would be wholly to disregard substance and to emphasize mere form. Courts will not permit themselves to be blinded or deceived by mere forms of law, but, regardless of fictions, will deal with the substance of the transaction involved as if the corporate entity did not exist, and as the justice of the case may require. Chicago, Milwaukee & St. Paul Railroad Company v. Minneapolis Civic & Commerce Association, 247 U. S. 491, 38 S. Ct. 553, 62 L. Ed. 1229; Western Maryland Railway Company v. Commissioner (C. C. A.) 33 F.(2d) 695.

It is true that in the case of Unaka & City National Bank v. United States (C. C. A.) 50 F.(2d) 1031, a majority of this court, over vigorous dissent, held that in a bank merger the cost of a banking house as carried upon the books of one of the merged banks was the base from which profit upon subsequent sale was to be computed, rather than March 1, 1913, value. The merger, however, brought about a substantially changed capital structure, and the case must therefore be aligned with the Marr Case rather than with the Weiss Case, though no change in domicile was involved. In the later case of Pioneer Pole & Shaft Co. v. Commissioner, 55 F.(2d) 861, this court considered a relationship between two corporations identical with that here disclosed. We concluded that the real distinction between the Marr and the Weiss Cases was as much or more in whether there had been a change in the capital and financial structure of the first corporation as in whether the two were incorporated under the laws of the same or different states, and the conclusion was that substantial identity existed. Concluding that in the instant case March 1,

1913, value, furnishes the base for computing exhaustion, and that there was substantial evidence presented to the Board of the value of the patent as of that date, we find it unnecessary to consider the alternative ground upon which the petition is based, to wit, that substantial proof was made of the cost of the patent to the Ohio corporation at the date of transfer.

A final contention of the respondent must be disposed of. It is urged in his behalf that the evidence submitted by the petitioner tending to show March 1, 1913, value consisted of facts and circumstances occurring thereafter, and not of facts known or reasonably to have been foreseen upon March 1, 1913. We know of no authority to the effect that in determining value of intangible property having no fixed and determinable market value in 1913 the Board is obliged at a later date to close its mind to subsequent facts and circumstances demonstrating value, and none has been cited. Moreover, the Board made no finding of March 1, 1913, value, in the face of evidence which we deem substantial. It is not for the court to say what the value of the patent was upon that date.

The Board having failed to consider the evidence, it must follow that its order of redetermination is set aside, and the cause remanded, with instructions to proceed in conformity herewith.