## VENTURA CONSOL. OIL FIELDS v. WELCH, Collector of Internal Revenue.

District Court, S. D. California, Central Division.

March 20, 1934.

Charles C. Stanley, R. K. Barrows, and J. A. Tucker, all of Los Angeles, Cal., for plaintiff.

Samuel W. McNabb, U. S. Atty., and Ignatius F. Parker and Alva C. Baird, Asst. U. S. Attys., all of Los Angeles, Cal., for defendant.

COSGRAVE, District Judge.

Action in equity to restrain the collection by the collector of internal revenue of certain income and excess profits taxes levied against plaintiff and its subsidiaries. The case is submitted upon an agreed statement of facts. The assessments, the collection of which the plaintiff seeks to restrain, are for the four years of 1920 to 1923, inclusive.

For these four years the plaintiff regularly made its returns and the taxes disclosed thereby were regularly assessed and fully paid. The usual agreement was made by which the plaintiff waived the running of the statute with reference to the ascertainment of deficiencies.

On September 14, 1928, the Commissioner of Internal Revenue addressed a letter to the plaintiff, by which plaintiff was advised that an examination disclosed a deficiency for each of the four years mentioned and that it might present a protest against the proposed liability within thirty days. Plaintiff was further advised by this letter that, if a protest were filed and the Commissioner finally determined that a deficiency existed, it would be advised thereof by registered mail, and, if such proposed deficiency were not agreed to, sixty days after the mailing of such registered letter would be allowed in which to petition the Board of Tax Appeals for a redetermination of the deficiency. Conforming and explanatory schedules were inclosed, showing the figures arrived at in detail.

Protest was duly made by plaintiff, and thereafter an agent of the plaintiff conferred with the Commissioner, and, according to the Commissioner's understanding, at least, an agreement was reached respecting the amount of tax liability for each of the four years mentioned.

On September 4, 1929, the Commissioner, by registered letter mailed to plaintiff, referred to the conference had with plaintiff's representative and advised plaintiff that, "in accordance with the agreement referred to above" (meaning the agreement with plaintiff's representative), its tax liability had been computed and the letter of September 14, 1928, revised to disclose a deficiency for the four years mentioned in certain sums shown upon certain inclosed schedules. The inclosed schedules showed the essentials as follows:

| Years. | Corrected Tax Liability. | Tax Previously Assessed. | Deficiency. |
|---|---|---|---|
| 1920 | $682,136.82 | $488,581.54 | $193,555.28 |
| 1921 | 580,495.50 | 313,417.58 | 267,077.92 |
| 1922 | 291,417.98 | 272,352.25 | 19,065.73 |
| 1923 | 109,379.23 | 93,081.10 | 16,298.13 |

The plaintiff was further advised, "It is believed that this revised computation of your tax liability will be satisfactory and it will be your desire to definitely close your case as promptly as possible." The plaintiff was requested to execute form 866, which was inclosed, and to return the same to the Commis-

sioner at Washington, and was advised that, upon receipt of the form mentioned, action would be taken at the earliest practicable date.

Inclosed with this letter was the proposed agreement, form 866. It is entitled "Agreement as to Final Determination of Tax Liability," and reads:

"This agreement, made * * * in pursuance of Section 606 of the Revenue Act of 1928, by and between (the names of plaintiff and of its affiliated corporations with periods affected here appear) and the Commissioner of Internal Revenue;

"Whereas, there has been a determination of tax liability of said taxpayers in respect of income and profits taxes for said periods listed above in the principal sum of * * *: and

"Whereas, said taxpayers hereby agree to this determination * * * and consent to the assessment and collection of any deficiency in tax included in the amount of the principal tax liability so determined. * * *

"Now, this agreement witnesseth, that the said taxpayers and said Commissioner of Internal Revenue hereby mutually agree that the principal amount of such liability so determined shall be final and conclusive if and when this agreement is approved by the Secretary or Undersecretary. * * * "

Appropriate blanks were provided for the signature of plaintiff and its affiliates and for the Commissioner of Internal Revenue. The approval of the Secretary of the Treasury or Undersecretary was to appear on the proper schedules.

The instrument was signed by plaintiff on September 18, 1929, and forwarded to the office of the Commissioner of Internal Revenue at Washington, where it was filed on October 11, 1929. It was never signed by the Commissioner. It was never approved by the Secretary of the Treasury or the Undersecretary. The Commissioner regarded it as a waiver of all restrictions pertaining to the assessment and collection of the several deficiencies then discovered and ascertained, but concluded not to accept it as a conclusive determination of the correct amount. Doubtless for this reason it was never signed by him nor approved by the Secretary of the Treasury or Undersecretary.

No further action was taken until November 2, 1929. Then the Commissioner made the assessments for the years mentioned, $193,555.28 for 1920, $267,077.92 for 1921, $19,065.73 for 1922, $16,298.13 for 1923. Plaintiff thereafter took no action whatever

with respect to the assessments for the several years either by way of appeal to the Board of Tax Appeals, by payment under protest, or in any other manner.

On March 29, 1930, a letter was written by the Commissioner to the plaintiff stating that "In accordance with Section 274 of the Revenue Act of 1926" plaintiff was advised that determination of its tax liability for the years 1920 and 1921, together with other years not here involved, disclosed a deficiency for the two years mentioned of $214,687.48 and $100,-223.75, respectively. Accompanying this letter were schedules showing the following essentials:

| Years. | Correct Tax Liability. | Tax Previously Assessed. | Deficiency. |
|---|---|---|---|
| 1920 | $896,824.30 | $682,136.82 | $214,687.48 |
| 1921 | 680,719.25 | 580,495.50 | 100,223.75 |

It will be seen that for the year 1920 $896,-824.30 was found to be the correct tax liability, that $682,136.82 had been previously assessed, and that the deficiency was $214,687.-48; the $682,136.82 necessarily included the $193,555.28 previously assessed on November 2, 1929; that for the year 1921 $680,719.25 was the correct tax liability, $580,495.50 had been previously assessed, and the deficiency was $100,223.75; the item of $580,495.50, the amount previously assessed, necessarily included the assessment of $267,077.82 assessed as of November 2, 1929.

█ Defendant contends primarily that no injunction can issue, citing Revised Statutes, § 3224 to the effect that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. 26 USC 154 (26 USCA § 154). The statute cited states the very general rule prevailing in taxation matters that prohibits the interference by the court with officers charged with the duty of assessing and collecting taxes. In an attempt to facilitate the levy and collection of revenue under the Revenue Act of 1926, the Board of Tax Appeals, a separate tribunal, has been established by Congress with authority to settle disputes. Its judgment is subject to review by the Circuit Court of Appeals. That the taxpayer might not be oppressed by an attempt on the part of the Commissioner to enforce the collection of the tax before he has had an opportunity to present the question to the Board of Tax Appeals, an exception to Revised Statute § 3224 (26 USCA § 154) is found in section 274 (a) of the Revenue Act (26 USC § 1048 [26 USCA § 1048]). It is there provided that: "If * * * the commissioner determines that

there is a deficiency * * * the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail: Within 60 days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided * * * no assessment of a deficiency * * * shall be made * * * until such notice has been mailed * * * nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. Notwithstanding the provisions of section 154 [Rev. St. § 3224 (26 USCA § 154)] of this title the making of such assessment * * * during the time such prohibition is enforced may be enjoined. * * *" (26 USC § 1048 [26 USCA § 1048]).

The taxpayer may therefore enjoin the Commissioner from making an assessment until he has had an opportunity to present the matter by petition to the Board of Tax Appeals, and such prohibition may be continued until the decision of the Board. This plainly is the purpose of the act and of the exception to the general rule stated in Rev. St. § 3224 (26 USC § 154 [26 USCA § 154]).

If the letter of September 4, 1929, is to be deemed a notice within the provisions of 274 (a) of the Revenue Act (26 USC § 1048 [26 USCA § 1048]) then plainly the period during which the Commissioner might be restrained from making the assessment expired at the end of sixty days, and the position of the defendant is well taken and the action must be dismissed. Injunction can only be justified by assuming that the letter referred to is not the notice contemplated by section 274 (a), 26 USC § 1048 (26 USCA § 1048), mentioned. Since, as will be further shown, the letter mentioned fills the requirements of such a notice, the position of the government must be sustained.

▉ Plaintiff claims that the letter of September 4, 1929, does not fill the requirements of section 274 (a) (26 USCA § 1048), but with this position I am unable to agree. The only requirement as to the form of the letter is that the Commissioner shall send to the taxpayer by registered mail "notice of such deficiency"; that is, the deficiency that has been determined by the Commissioner. It will be remembered that agreement had been reached between the Commissioner and plaintiff's representatives. The Commissioner advises that in accordance with that agreement the original letter of September 14, 1928, had been revised "to disclose a deficiency" in the several amounts named. No duty rests upon the Commissioner to go further in his letter, and there is nothing in the statute requiring any special form for such letter. Revenue Act of 1926, § 274 (a), 26 USC § 1048 (26 USCA § 1048). Commissioner Internal Revenue v. N. Y. Trust Co., 54 F.(2d) 463, 465 (C. C. A. 2); McDonnell v. United States (Ct. Cl.) 59 F.(2d) 290.

▉ A more serious question is presented by plaintiff's contention that the assessment of November 2, 1929, was made within the 60-day period within which the Commissioner is prohibited from taking such action by the express terms of section 274 (a), 26 USC § 1048 [26 USCA § 1048]). The letter was mailed on September 4th; the assessment, having been levied on November 2d, was plainly within the 60 days. Was such irregularity cured or waived?

As heretofore shown, the representative of the plaintiff agreed with the Commissioner on the correct amount of this assessment. The Commissioner transmitted the schedules with his letter of September 4, 1929, assuming that it was satisfactory to the plaintiff. That it was satisfactory is without dispute, for the plaintiff expressly agreed to it and expressly authorized the Commissioner to make the assessment. This is established by the language of the proposed agreement. By way of recital to its proposal made to the Commissioner that the amount of the proposed assessment be deemed final and conclusive it is said that "taxpayers hereby agree to this determination * * * and consent to the assessment and collection of any deficiency in tax included in the amount of the principal tax liability so determined." The fact that it was willing to make a proposal to the Commissioner that the determination be final and conclusive, and which was the object of the agreement, does not, I think, change the effect of his positive recital. It agreed to the correctness of the proposed assessment, and in addition thereto was willing to make it final if the Commissioner likewise agreed. In other words it would agree not to seek any reduction or repayment of the tax provided the Commissioner agreed not to seek any increase of it. Without doubt it authorized the Commissioner to make the assessment and waived the 60-day limit of time within which the Commissioner was prohibited from acting. I am more persuaded to this conclusion because there was no further reason for the 60-day limitation. It did not dispute the assessment. It did not propose to petition the Board of Tax Appeals, and there was no necessity for

further delay. It is provided in subdivision (d) of section 274, 26 USC § 1048b (26 USCA § 1048b), that the taxpayer, by a signed notice in writing, may waive the restrictions provided therein with respect to the assessment. No requirements for such a waiver are made other than that it be in writing. When therefore the taxpayer consents to the assessment and collection of the tax, leaving no reason for postponement of the assessment, my conclusion is that he waives the element of time.

"We recognize the importance of regarding matters of substance and disregarding forms in applying the provisions of the Sixteenth Amendment and income tax laws enacted thereunder. In a number of cases besides those just cited we have under varying conditions followed the rule." Citing Lynch v. Turrish, 247 U. S. 221, 38 S. Ct. 537, 62 L. Ed. 1087; Southern Pacific Co. v. Lowe, 247 U. S. 330, 38 S. Ct. 540, 62 L. Ed. 1142; Gulf Oil Corporation v. Lewellyn, 248 U. S. 71, 39 S. Ct. 35, 63 L. Ed. 133; U. S. v. Phellis, 257 U. S. 156, 168, 42 S. Ct. 63, 65, 66 L. Ed. 180.

Defendant further contends that, in so far as the years 1920 and 1921 are concerned, the judgment of the Board of Tax Appeals, with respect to those two years, entered on July 24, 1931, is conclusion in its favor and is an adjudication of the question here litigated so far as the years mentioned are concerned. As heretofore shown, that judgment, while it affected only the assessment of March 29, 1930, yet it was made on the assumption that the assessment of November 2, 1929, was a valid assessment. This of necessity appears because it is so recited in the schedules transmitted with a letter of March 29, 1930, the correctness of which proposed deficiency the plaintiff at first contested, but later consented to, and which was finally established by the judgment referred to. It was determined by the Board of Tax Appeals that the total amount for the year 1920 was $896,824.30; that of this amount $682,136.82 had been previously assessed. As heretofore pointed out, this last amount of necessity included the assessment of November 2, 1929, which the plaintiff now disputes. The adjudged deficiency was $214,687.48; the same with the year 1921. In order that the judgment of the Board of Tax Appeals be correct, a valid assessment must have been found to exist for the two years. The correctness of the assessment in question was involved, and, the Board of Tax Appeals having jurisdiction of the parties and the subject-matter, and having entered judgment thereon and such judgment now being final, the question is definitely settled.

The plaintiff contends that such result does not follow if for no other reason than for the reason that the United States was party before the Board of Tax Appeals, whereas not the United States but the collector of internal revenue is the party involved in the present action. The judgment of the Board of Tax Appeals was in favor of the United States. The defendant here is but the agent of the United States. A judgment against the principal binds the agent notwithstanding the converse may not be true. Second National Bank of Saginaw v. Woodworth (D. C.) 54 F.(2d) 672.

It may not be inappropriate to quote very recent language of the United States Supreme Court in a case where the taxpayer sued to recover the amount of an overassessment which was originally due it but which had been applied to the payment of an outlawed deficiency. It had authorized such application with full knowledge of the facts. The court says: "The taxpayer did not object to the account as submitted in its final form. Far from objecting, it paid the resulting balance, and by this act as well as by silence conceded the indebtedness." R. H. Stearns Co. v. United States, 54 S. Ct. 325, 330, 78 L. Ed. ——, January 8, 1934.

For the reasons mentioned, judgment is ordered in favor of the defendant. Exception to plaintiff.