884

LOUIS W. GUNBY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98110. Promulgated April 18, 1940.

*William P. Arnold, Esq.*, for the petitioner.
*A. H. Monacelli, Esq.*, for the respondent.

OPINION.

STERNHAGEN: Petitioner's position is that, notwithstanding its deliberate purchase of Gunby's securities for money and its intentional omission to issue its own shares for them, its acquisition of the securities must be regarded as in exchange for its shares. Thus, by reason of sections 113 (a) (8) and 112 (b) (5) of the Revenue Act of 1934, the gain or loss from the sale of the securities would be computed upon the same basis as would be applicable to Gunby, the transferor, had he sold the securities. Gunby's basis would be his actual cost and, consistently with the Commissioner's present determination, it may be assumed that in computing the gain or loss to him from the sale of his securities to petitioner such basis was used. It should not be used again to determine the gain or loss of a succeeding owner, especially his own corporation.

There is always a difficulty in knowing when a corporation is to be recognized as a separate taxable person and when it is to be regarded as a mere formality. Cases can be found pointing each way, and always the circumstances deprive the holding of universal significance. There is no absolute. However, the general rule is that the corporation is recognized, and that its treatment as a mere form is exceptional. *Burnet* v. *Commonwealth Improvement Co.*, 287 U. S. 415; *Higgins* v. *Smith*, 308 U. S. 473.

Petitioner does not ask that the legal character of the corporation as a person be disregarded, but that the legal character of its transaction be disregarded. The form of a sale was, it says, merely "employed to obviate the necessity of submitting" to the Maryland Tax Commission the list of securities received for shares issued. By reason, therefore, of the petitioner's willful conduct the state authorities have recognized its original stock issue as being for money. Is the Board, a Federal tribunal, to hold that this is not so and thus in an unrelated Federal proceeding intimate either that the petitioner has flouted the law of its creation or that the state has winked at the petitioner's failure to comply with it? The evidence shows that petitioner in fact issued its shares for money and therefore that no list of securities was filed with the state tax commission. We can not permit the evidence to be warped into a finding that in reality the shares were issued in exchange for securities. *Minnie C. Brackett, Administratrix*, 19 B. T. A. 1154; affd., 57 Fed. (2d) 1072.

The Commissioner correctly held that the petitioner acquired the

securities by purchase and that its gain or loss upon sale in the tax years was properly to be computed on the basis of the cost. The figures in the computation are not in dispute.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

MURDOCK, dissenting: I think the substance of this transaction was an exchange within the meaning of section 112 (b) (5) of the Revenue Act of 1934. Cf. *Gulf Oil Corporation* v. *Lewellyn*, 248 U. S. 71; *United States* v. *Mellon*, 281 Fed. 645. Gunby desired to transfer his securities to the corporation and to receive its stock. He tried to give the transaction the semblance of a sale so that it might appear to comply with a law of Maryland. He gave his check for $450,000 to the corporation as if he was subscribing for the preferred stock. But, as a matter of fact, he had only $17,000.10 in the bank at that time. Then the corporation gave Gunby its check for $440,827.86, as if it were buying the securities from him. But it had to see that both checks were deposited at the same time because it had only $3,861.08 in the bank. Those transactions were disingenuous and did not make a sale out of what otherwise would have been an exchange. The State of Maryland is the one to complain if any fraud was practiced in avoiding its laws. Our function is to decide whether upon this state of facts there was an exchange within the meaning of section 112 (b) (5). If the Commissioner were contending in this case that the transaction was an exchange, and not a sale, I believe the form would be disregarded and the substance adopted. The prevailing opinion seems to put undue emphasis upon the fact that the petitioner seeks the benefit of an exchange. Our decision should be the same, no matter which party is to benefit.

SMITH, LEECH, DISNEY, and KERN agree with this dissent.