KNOXVILLE TRUCK SALES & SERVICE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10977, 13518.   Promulgated April 15, 1948.

M. W. Egerton, Esq., and William W. Davis, Esq., for the petitioner.
S. Earl Heilman, Esq., for the respondent.

618

## OPINION.

LeMire, *Judge*: Our first question is whether the petitioner was either a corporation or an association, taxable as a corporation, during the years 1941 to 1944, inclusive. It is not disputed that the petitioner's

organizers took what was thought to be all of the necessary steps to form a corporation under the laws of the State of Tennessee. Section 3719 of the Code of Tennessee provides that:

Upon the proper execution of the certificate of incorporation and causing the same to be filed and recorded as above set forth, and paying such license and recording fees as may be required by law therefor, the persons so associated, shall, from the date of such registration in the office of the register of the county wherein the principal office of the corporation is to be located, be and constitute a body politic and corporate by the name set forth in said certificate of incorporation, subject to dissolution as is in this article provided, and from and after the date of such registration, the formation of such corporation is declared complete, and the validity of the same shall not, in any legal proceeding or by any person be collaterally impeached.

The evidence is that the requisite application for incorporation under the laws of the State of Tennessee was filed and that a valid corporate charter was issued to the petitioner and was recorded in the office of the county register. Thereafter, the petitioner operated under its corporate name and held itself out to the public as a corporation. It kept its books and accounts as a corporation and filed corporate income tax returns. The petitioner argues, however, that it was never a validly existing corporation because of its failure to comply with all of the requirements of the law of the State of Tennessee with respect to the issuance of capital stock and other matters prerequisite to doing business as a corporation. It states in its brief that:

*  *  *  Even though there was created by the filing of the charter, a corporation as defined by Section 3719 of the Code, such a body existed in name only and was but an empty shell. It was not a corporation for Federal tax purposes because no colorable attempt was made to comply with the conditions subsequent set forth by the statutes and courts of Tennessee as prerequisites to the doing of business as a corporation. Said skeleton entity in the instant case owned no property and had no stockholders, directors or officers and was not authorized under the laws of Tennessee to do business.

Whether the petitioner complied with all of the requirements of state law as to the conduct of its business does not decide our question here. The fact is that the petitioner operated as a corporation under a valid corporate charter until April 23, 1942. It may have done so without having met some of the requirements of the state law, but that is not vital to its corporate existence. The rule is stated in Fletcher, Cyclopedia of the Law of Private Corporations (Rev. and Perm. Ed., 1931), § 3802, p. 108, as follows:

The fact that a corporation is forbidden, by statute, to commence business until certain acts are performed, does not preclude the existence of a de jure corporation before the performance of such acts. It follows, as a matter of course, that the failure to comply with such statutes does not preclude the existence of a de facto corporation. Conditions precedent to the right to engage in business after the corporation has been formed, are conditions subsequent, a noncompliance with which, while it may give the state a right to proceed to

forfeit the franchise, does not, in the absence of such proceedings, in any way affect the legal existence of the corporation, either de jure or de facto.

In *Burnet* v. *Commonwealth Improvement Co.*, 287 U. S. 415, the United States Supreme Court made it plain that where a taxpayer has adopted the corporate form of doing business for purposes of his own he will not be permitted to disavow the existence of the corporation for the mere purpose of gaining a tax advantage. See also *Moline Properties, Inc.* v. *Commissioner*, 319 U. S. 436; *Deputy* v. *du Pont*, 308 U. S. 488; and *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. In *Moline Properties, Inc.* v. *Commissioner*, *supra*, the Court said:

The doctrine of corporate entity fills a useful purpose in business life. Whether the purpose be to gain an advantage under the law of the State of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity. (*New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435, 442 [Ct. D. 841, CB XIII–1, 194 (1934)]; *Deputy* v. *duPont*, 308 U. S. 488, 494 [Ct. D. 1435, CB 1940–1, 118].) In *Burnet* v. *Commonwealth Imp. Co.*, 287 U. S. 415 [Ct. D. 622, CB XII–1, 277 (1933)], this Court appraised the relation between a corporation and its sole stockholder and held taxable to the corporation a profit on a sale to its stockholder. This was because the taxpayer had adopted the corporate form for purposes of his own. The choice of the advantages of incorporation to do business, it was held, required the acceptance of the tax disadvantages.

To this rule there are recognized exceptions. *Southern Pacific Co.* v. *Lowe* (247 U. S. 330) and *Gulf Oil Corporation* v. *Lewellyn* (248 U. S. 71) have been recognized as such exceptions but held to lay down no rule for tax purposes. (*New Colonial Ice Co.* v. *Helvering, supra*, 442 n. 5; *Burnet* v. *Commonwealth Imp. Co., supra*, 419, 420.) A particular legislative purpose, such as the development of the merchant marine whatever the corporate device for ownership, may call for the disregarding of the separate entity (*Munson S. S. Line* v. *Commissioner*, 77 F. 2d 849), as may the necessity of striking down frauds on the tax statute (*Continental Oil Co.* v. *Jones*, 113 F. 2d 557). In general, in matters relating to the revenue, the corporate form may be disregarded where it is a sham or unreal. In such situations the form is a bald and mischievous fiction. (*Higgins* v. *Smith*, 308 U. S. 473, 477–478 [Ct. D. 1434, CB 1940–1, 127]; *Gregory* v. *Helvering*, 293 U. S. 465 [Ct. D. 911, CB XIV–1, 193 (1935)].)

The facts here are not like those in *Woods Lumber Co.*, 44 B. T. A. 88, one of the cases relied upon by the petitioner. There, a corporation charter was obtained for a branch of an established incorporated business, but thereafter it never functioned as a separate entity and the entire business was conducted as a single economic unit. Here, the petitioner actually operated as a single corporate entity. We think that the facts afford sufficient grounds for treating the petitioner as a corporate entity, for tax purposes, for the period during which its corporate charter was held. The charter was revoked as of April 23, 1942, and thereafter the petitioner had no existence as a legal corporate entity.

The respondent contends, however, that, although the petitioner was not a corporation after the revocation of its charter, it was an association doing business as a corporation and is therefore taxable as a corporation. The statutory definition of a corporation includes "associations." See section 3797 (a) (3), Internal Revenue Code. The Commissioner's regulation (sec. 19.3797–2, Regulations 103) defines association as follows:

*Association.*—The term "association" is not used in the Internal Revenue Code in any narrow or technical sense. It includes any organization, created for the transaction of designated affairs, or the attainment of some object, which, like a corporation, continues notwithstanding that its members or participants change, and the affairs of which, like corporate affairs, are conducted by a single individual, a committee, a board, or some other group, acting in a representative capacity. It is immaterial whether such organization is created by an agreement, a declaration of trust, a statute, or otherwise. It includes a voluntary association, a joint-stock association or company, a "business" trust, a "Massachusetts" trust, a "common law" trust, an "investment" trust (whether of the fixed or the management type), an interinsurance exchange operating through an attorney in fact, a partnership association, and any other type of organization (by whatever name known) which is not, within the meaning of the Code, a trust or an estate, or a partnership. If the conduct of the affairs of a corporation continues after the expiration of its charter, or the termination of its existence, it becomes an association.

The United States Supreme Court has said, in *Morrissey* v. *Commissioner*, 296 U. S. 344, that " 'Association' implies associates. It implies the entering into a joint enterprise, and, as the applicable regulation imports, an enterprise for the transaction of business." Since the *Morrissey* case, at least, these two conditions, an association of persons and the carrying on of a business, have been accepted by the courts as the essential requirements of an association.

No case has come to our attention where a business enterprise owned and controlled by a single individual has been held to be an association, taxable as a corporation. In *J. L. Norie*, 3 T. C. 676, we held that there was an association where the stockholders of a corporation after expiration of its charter continued the business without substantial change in the manner of operation. We found on the evidence in that case that the stock of the corporation was not owned by one person, which, we said, "renders it unnecessary to decide whether a business owned by one individual may be taxed as an association." We added that "There is authority, however, for holding that sole ownership is not fatal to such view. *Lombard Trustees, Ltd.* v. *Commissioner*, 136 Fed. (2d) 22." That statement is not to be taken to mean that the ownership of the beneficial interests alone determines whether or not there is an association. In the cited case, *Lombard Trustees, Ltd.* v. *Commissioner*, 136 Fed. (2d) 22, a trust of the type of a Massachusetts trust had been formed to engage in a business enterprise and during a portion of the time when it was so engaged all of its bene-

ficial shares were held by one individual, who was also one of several trustees. The Circuit Court of Appeals for the Ninth Circuit held, affirming a memorandum opinion of this Court, Docket No. 104687, promulgated May 6, 1942, that the trust was not a pure trust, taxable as such, but an association taxable as a corporation. We pointed out in our opinion that the trustees were associated in the business enterprise much as the directors of a corporation and that there were other features resembling corporate organization. The case does not stand for the proposition that a business wholly owned and operated by one person, that is, a true sole proprietorship, may under any circumstances be treated as an association, taxable as a corporation.

Here, the petitioner was in fact and in law a corporation for all purposes until its charter was revoked. Neither before nor after that time did it have the essential characteristics of an association. During its corporate life, as well as afterwards, it was under the sole ownership, management, and control of H. R. Thornton. The Commissioner's regulation, section 19.3797–2, above, to the effect that if the conduct of the affairs of a corporation continues after the expiration of its charter it becomes an association, can be sustained only if it is restricted to the usual type of business corporation which itself embodies the essential features of an association. Otherwise, a business once incorporated might forever afterwards be classified as an association and taxed as a corporation, regardless of its ownership and methods of operation.

In the instant case, the profits of the business would have been taxed at all times to its sole owner individually, but for the petitioner's formal incorporation under the laws of the State of Tennessee. We think that they were so taxable after its corporate existence ceased.

As to the remaining alternative issue, we have found in our findings of fact that the compensation which the petitioner paid to its president, H. R. Thornton, in 1941 was reasonable compensation for the services actually performed by him. Without further discussion of the evidence, it suffices to say that the amount paid to H. R. Thornton, $11,938.32, was not excessive in view of the services which he performed.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

OPPER, J., dissenting: Believing that the situation after April 1942 is controlled by *Burnet* v. *Commonwealth Improvement Co.*, 287 U. S. 415; *Interstate Transit Lines* v. *Commissioner*, 319 U. S. 590; and *Higgins* v. *Smith*, 308 U. S. 561, I think the income for the entire period should be taxed to the *de facto* corporation.

ARNOLD, *J.*, agrees with this dissent.