Herbert Saunders, Sr. v. Commissioner.
Saunders v. Commissioner
Docket No. 53495.
United States Tax Court
T.C. Memo 1956-181; 1956 Tax Ct. Memo LEXIS 114; 15 T.C.M. (CCH) 954; T.C.M. (RIA) 56181; July 31, 1956
Henry Lincoln Johnson, Jr., Esq., for the petitioner. A. Russell Beazley, Jr., Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined deficiencies in the income tax of petitioner and additions to tax under sections 291(a) and 294(d) of the Internal Revenue Code of 1939 for the indicated years as follows: Additions to Tax
Year
Deficiency
Sec. 291(a)
Sec. 294(d)
1949
$3,756.65
$939.18
1950
3,418.16
$810.60
Issues presented by the pleadings are the correctness of the respondent's action (1) in determining that the net profits of the Old Rose Social Club, Inc., for 1949 and 1950 represent taxable income to the petitioner for those years; (2) *115 in determining that petitioner failed to report a salary of $1,500 received by him from the Old Rose Social Club, Inc., during 1949; (3) in disallowing a deduction of $10,932.14 taken by petitioner for 1949 as a loss sustained on his investment in a partnership known as Alco Amusement Company; (4) in disallowing the deductions of $590.41 and $435.76 taken by petitioner for depreciation for 1949 and 1950, respectively; (5) in determining that for 1949 petitioner is liable for a 25 per cent addition to his tax under section 291(a) of the Code because of the delinquent filing of his return for that year; and (6) in determining that for 1950 petitioner is liable for an addition to tax under section 294(d) of the Code. General Findings of Fact Petitioner filed his Federal individual income tax returns for 1949 and 1950 with the collector for the district of Maryland. The Old Rose Social Club, Inc., filed its corporate income tax returns for the years 1940 through 1950 with the collector for the district of Maryland. Issue 1. Distributions received from Old Rose Social Club, Inc. Findings of Fact The Old Rose Social Club, Inc. (hereinafter referred to as Old Rose), was incorporated *116 in the District of Columbia in 1928 as a perpetual mutual benefit corporation. The certificate of incorporation of Old Rose was acquired by Herbert Saunders, Sr., without consideration in 1936. In that year, the petitioner caused a sandwich establishment to be opened at 1948 Seventh Street, North West, Washington, D.C., by and under the name of Old Rose Social Club, Inc. After having conducted the foregoing operation for approximately one and one-half years, Old Rose obtained in its own name a retailer's class C liquor license from the Alcoholic Beverage Control Board of the District of Columbia. Thereafter, and during the years here involved, Old Rose actively and profitably engaged in the sale of alcoholic beverages pursuant to the aforementioned license. Old Rose continued its sandwich and liquor business until its liquor license was revoked in 1951, at which time it discontinued all business. Old Rose maintained in its corporate name its own books and records and its own bank account. It employed an accountant who rendered to it monthly financial statements and prepared its corporate tax returns. All supplies and merchandise used and sold by Old Rose were ordered in the name *117 of the corporation and the corporation was billed in its corporate name for such supplies and merchandise. The premises occupied by Old Rose in the conduct of its business were held by petitioner unddr a lease obtained by him in his name. The rentals payable under the lease were paid by Old Rose. All profits realized by Old Rose from the time its charter was acquired by the petitioner until it ceased business in 1951 were appropriated by petitioner for his own use and benefit. No corporate stock was issued by Old Rose. Old Rose had its own corporate seal, bearing around the edge the inscription "Old Rose Social Club, Inc." In the center of the seal the address of the corporation was inscribed. This corporate seal was placed on documents prepared on behalf of the corporation. The corporation income tax returns filed by Old Rose for the years here in issue were signed by Herbert Saunders as president of the corporation. A Treasury Department form (Form 870), filed by Old Rose, waiving the statute of limitations for the assessment and collection of a deficiency found against the corporation for 1950, was executed by Herbert Saunders as president of Old Rose. With the exception *118 of the year 1950, petitioner, on his individual income tax returns, consistently reported as having been recieved from Old Rose the entire amounts of its net profits which were appropriated by him. Although petitioner appropriated all of Old Rose's net profits for 1950, he reported no part of them on his individual income tax return for that year. Old Rose was a corporate entity, which, during the taxable years involved herein, engaged in business for profit. It and its business were independent of, and separate and distinct from, petitioner and any business carried on by him during such years. Its net profits for the respective years, which were appropriated by petitioner, constituted distributions made to him by Old Rose of its earnings and profits. Opinion Respondent has determined that Old Rose was an independent legal entity and a taxable person, separate and distinct from petitioner, and that the profits of Old Rose received by petitioner during 1949 and 1950 are taxable to him. Petitioner contends that Old Rose was operated by him as a sole proprietorship and that he and Old Rose represent a single taxable person. Petitioner therefore argues that the corporate income *119 tax returns filed by Old Rose were actually tentative individual income tax returns filed on improper forms and that he is entitled to a credit against his individual income tax liabilities for any taxes paid by the corporation. Whether Old Rose operated its business as a legal entity separate from petitioner is a factual question which must be determined from the circumstances surrounding the operation of the business. Burnet v. Commonwealth Improvement Company, 287 U.S. 415; Moline Properties, Inc. v. Commissioner, 319 U.S. 436. In Moline Properties, Inc. v. Commissioner, supra, the Supreme Court had occasion to consider the question whether for tax purposes the corporate entity should be disregarded. The taxpayer there contended that the gain on sales of its real estate should be treated as the gain of its sole owner and its corporate existence ignored as merely fictitious. The Court found upon the facts of the case that the gains realized by the corporate taxpayer must be treated as taxable to it rather than to the individual owner, stating as follows, at page 438: "The doctrine of corporate entity fills a useful purpose in business *120 life. Whether the purpose be to gain an advantage under the law of the state of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity. * * *" Old Rose applied for and obtained a retailer's class C liquor license from the District of Columbia Alcoholic Beverage Control Board as a corporation. Old Rose filed corporate income tax returns beginning with the year 1940 and continuing through 1950. It had a corporate seal which it placed on corporate documents. Old Rose employed an accountant who was required to render to it monthly financial statements and to prepare its corporate tax returns. It purchased supplies in its corporate name, was billed by its creditors in its corporate name and generally carried on business and held itself out to the public as a corporation. It also maintained its own bank account in its corporate name. The petitioner's contention that the corporate returns filed by Old Rose were actually his individual *121 returns on improper forms is inconsistent with the record before us. The corporate returns filed by Old Rose reported only corporation income and listed only corporate expenses. None of petitioner's individual income from rents or sources other than Old Rose or personal expenses or exemptions were included in the corporate returns. Therefore, we are unable to find that the petitioner simply has made a disclosure of his income on a form other than that prescribed by the respondent for that particular type of taxpayer, as petitioner contends. Our decision in Knoxville Truck Sales & Service, Inc., 10 T.C. 616, is pertinent here. There, the taxpayer was a truck sales corporation which was owned and operated for several years by an individual proprietor. A corporate charter was issued to the taxpayer by the State of Tennessee. No capital stock ever was issued by the taxpayer. No meeting of the incorporators was held, and there was no election or appointment of officers or directors. The taxpayer operated under its corporate name and held itself out to the public as a corporation. It kept its books and accounts as a corporation and filed corporate income tax returns. Taxpayer *122 contended that it was never a validly existing corporation because of its failure to comply with the requirements of Tennessee law concerning the issuance of capital stock and certain other corporate matters, that it was not authorized to do business in that state and that the entire profits of the business should be taxed to the sole owner, individually. In rejecting the taxpayer's contention, we held, at page 619: "Whether the petitioner complied with all of the requirements of state law as to the conduct of its business does not decide our question here. The fact is that the petitioner operated as a corporation under a valid corporate charter until April 23, 1942. It may have done so without having met some of the requirements of the state law, but that is not vital to its corporate existence. * * *" In view of the foregoing, it is our opinion that where, as here, a corporation is held out to the public as such over a long period of years, has conducted business as such, and has consistently reported and paid its income taxes as a corporation, it is an independent taxable person. We, therefore, hold that the net profits realized by Old Rose during 1949 and 1950 and appropriated *123 by petitioner for his own use represent taxable income to him. Issue 2. Salary received from Old Rose Social Club, Inc. Findings of Fact The corporation income tax return filed by Old Rose for 1949 shows that Old Rose paid petitioner a salary of $1,500 for that year. However, petitioner did not report any portion of that amount on his individual income tax return for that year. The respondent determined that the petitioner received a salary of $1,500 from Old Rose for the year. Opinion Petitioner does not deny that he received a salary of $1,500 from Old Rose during 1949, but he failed to present any evidence on this question at the hearing. Accordingly, petitioner has failed to meet his burden of proving that the respondent was in error in determining that the foregoing amount was received by him during 1949, and we cannot disturb the respondent's determination that petitioner's taxable income should be increased by that amount. Issue 3. Loss on partnership investment The respondent concedes on brief that petitioner is entitled to deduct $10,932.14 on his return for 1949, representing a loss sustained by petitioner on his investment in a partnership consisting of himself *124 and M. A. Lockhart, operating under the name of Alco Amusement Company. The foregoing deduction is in lieu of the capital loss deduction of $1,000 allowed in the statutory notice of deficiency. Issue 4. Depreciation The petitioner concedes on brief that the respondent properly disallowed deductions for depreciation for 1949 and 1950 in the amounts of $590.41 and $435.76, respectively. Issue 5. Addition to tax for delinquent filing of return Findings of Fact The petitioner's individual income tax return for 1949 was filed on November 20, 1952. Petitioner did not request nor did he receive any extension of time for the filing of his return for 1949. Opinion Petitioner has produced no evidence disclosing the reason for his delay in filing his return for 1949. We, therefore, cannot conclude that petitioner's delinquency in filing his return for that year was due to reasonable cause. Petitioner contends that the corporate return filed by Old Rose for 1949 was in fact his tenative individual return. For the reasons heretofore set forth under Issue 1, supra, we are unable to accept petitioner's contention. We, therefore, decline to disturb respondent's determination that *125 petitioner is liable for the 25 per cent addition to his tax for 1949 under the provisions of section 291(a) of the 1939 Code. Issue 6. Addition to tax because of failure to file declaration of estimated tax and substantial underestimation of estimated tax Petitioner concedes on brief that he is liable for an addition to tax under section 294(d) of the 1939 Code for the year 1950 because of his failure to file a declaration of estimated tax for that year, or to pay installments thereon, and for substantial underestimation of estimated tax. In his petition and on brief, petitioner takes the position that we should redetermine his income tax liability for 1947 and 1948, on the ground that respondent's determination of deficiencies with respect to 1949 and 1950 affects petitioner's liability for 1947 and 1948 also. Respondent, however, has determined no deficiency in petitioner's tax with respect to 1947 and 1948, but has found an overassessment for each year. From the record before us we are unable to find that determinations of petitioner's tax liability for 1949 and 1950 in any wise serve to reduce or otherwise affect his tax liability for 1947 and 1948. Furthermore, since no *126 deficiencies were determined for 1947 and 1948, we do not have any jurisdiction to consider and determine the petitioner's tax liability for those years. F. A. Gillespie Trust, 21 T.C. 739. Decision will be entered under Rule 50.