## BLUM v. POSTAL TELEGRAPH, Inc.

No. 2003.

District Court, W. D. Pennsylvania.

April 26, 1944.

E. B. Goldsmith and C. J. Tannehill, both of Pittsburgh, Pa., for plaintiff.

Henry O. & Oliver Evans, of Pittsburgh, Pa., for Postal Telegraph, Inc.

Edw. Schreiner, of Pittsburgh, Pa., for Postal Telegraph Cable Co.

McVICAR, District Judge.

This action is now before us on three motions, the first being the motion of the defendant to dismiss the action against it, etc.; the second is the motion of plaintiff to amend his statement of claim or complaint; and the third is the motion of the Postal Telegraph Cable Company of Pennsylvania to set aside certain service made upon it, etc. We will consider these motions in the order mentioned:

### Motion of Defendant to Dismiss, etc.

The defendant moved to vacate or set aside the service of the summons made upon it in this case, to quash the writ and dismiss the action as against the defendant, because of lack of jurisdiction of the person of the defendant, insufficiency of process issued against the defendant and insufficient service of process issued against defendant.

This action was brought, originally, in the Court of Common Pleas of Allegheny County, Pa. It was removed to this court by the defendant. The sheriff of Allegheny County made service on defendant April 8, 1942, by serving a true and attested copy of the writ, with a copy of plaintiff's statement of claim, to N. A. Aaron, Superintendent in Pittsburgh, the person, for the time being, in charge of the business of the defendant.

The plaintiff is a citizen of the State of Pennsylvania; the defendant is a Delaware corporation (not registered in Pennsylvania) incorporated with powers to hold the stock of subsidiary companies, and, also, to operate and carry on a telegraph business. The defendant owns the stock of thirty-four companies, one of them being the Postal Telegraph Cable Company, a Pennsylvania corporation. The business of the defendant and of the thirty-four companies of which it holds the stock was transacted at the same address in New York City under the name of "Postal Telegraph." The officers of the defendant holding company and of the subsidiary companies were substantially the same. The annual reports of the defendant and its subsidiaries, filed with the Federal Communications Commission, were entitled "Consolidated Report of Postal Telegraph, Inc. and Subsidiary Companies." The defendant made loans to its subsidiary companies, including the Postal Telegraph Cable Company of Pennsylvania, for the use of said companies in the operation of the Postal Telegraph business. It took security from the subsidiary companies for the loans made. The business at Pittsburgh of the Postal Telegraph Cable Company of Pennsylvania was transacted in the Keenan Building, Pittsburgh. It was advertised by an electric sign and on the windows of the first floor by the name of "Postal Telegraph." The blanks furnished at the office to persons desiring to send

messages were all headed "Postal Telegraph." Recently, there has been a merger between the defendant, which included the thirty-four subsidiary companies, and the Western Union Telegraph Company.

Defendant relies largely in support of the motion now before us, upon the ruling of the Supreme Court in Cannon Manufacturing Company v. Cudahy Packing Company, 267 U.S. 333, 45 S.Ct. 250, 251, 69 L.Ed. 634. It was held in that case that the holding company was not doing business in the State of North Carolina, although it owned all of the stock of the subsidiary company. The corporate separation was carefully maintained. The Court stated, however, "There is here no attempt to hold the defendant liable for an act or omission of its subsidiary * * *. Hence, cases concerning substantive rights, like Hart Steel Company v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148; Chicago, Milwaukee & St. Paul Ry. Co. v. Minneapolis Civic Association, 247 U.S. 490, 38 S.Ct. 553, 62 L.Ed. 1229; Gulf Oil Corp. v. Lewellyn, 248 U.S. 71, 39 S.Ct. 35, 63 L.Ed. 133, and United States v. Lehigh Valley R. R. Co., 254 U.S. 255, 41 S.Ct. 104, 65 L.Ed. 253, have no application."

In Chicago, Milwaukee & St. Paul Railway Co. v. Minneapolis Civic and Commerce Association, 247 U.S. 490, 38 S.Ct. 553, 557, 62 L.Ed. 1229, the Court stated:

"Much emphasis is laid upon statements made in various decisions of this court that ownership, alone, of capital stock in one corporation by another, does not create an identity of corporate interest between the two companies, or render the stockholding company the owner of the property of the other, or create the relation of principal and agent or representative between the two. * * *

"While the statements of the law thus relied upon are satisfactory in the connection in which they were used, they have been plainly and repeatedly held not applicable where stock ownership has been resorted to, not for the purpose of participating in the affairs of a corporation in the normal and usual manner, but for the purpose as in this case, of controlling a subsidiary company so that it may be used as a mere agency or instrumentality of the owning company or companies. United States v. Lehigh Valley R. R. Co., 220 U.S. 257, 273, 31 S.Ct. 387, 55 L.Ed. 458, [and] United States v. Delaware, Lackawanna & Western R. R. Co., 238 U.S. 516, 35 S.Ct.

873, 59 L.Ed. 1438. In such a case the courts will not permit themselves to be blinded or deceived by mere forms of law but, regardless of fictions, will deal with the substance of the transaction involved as if the corporate agency did not exist and as the justice of the case may require."

This rule has been followed in many cases, including United States v. Lehigh Valley Railroad Company et al., 254 U.S. 255, 263, 264, 41 S.Ct. 104, 65 L.Ed. 253; Colonial Trust Co. v. Montello Brick Works, 3 Cir., 172 F. 310; De Forest Radio Telephone & Telegraph Co. v. Radio Corporation of America, 3 Cir., 20 F.2d 598; Edirose Silk Manufacturing Company v. First National Bank & Trust Co., 338 Pa. 139, 143, 12 A.2d 40; Sulzer's Estate, 323 Pa. 1, 2, 3, 8, 185 A. 793.

■ Considering the manner in which the business of the defendant holding company and its subsidiaries were advertised and transacted in New York City and Pittsburgh, the loans made by the defendant to the operating companies, including the Postal Telegraph Cable Company of Pennsylvania, and the other facts aforementioned, we are of the opinion that the service made upon the employee of the Postal Telegraph Cable Company of Pennsylvania was service made upon a representative of the defendant company; therefore, the motion of the defendant to dismiss, etc., should be refused.

### Motion to Amend.

■ Plaintiff, June 2, 1943, about fourteen months after this action was brought, moved to amend the name of the defendant so as to read "Postal Telegraph Cable Company of Pennsylvania" wherever it appears in the record. I am of the opinion that this motion should be refused for the following reasons: First, the motion is in effect a motion to substitute the Postal Telegraph Cable Company of Pennsylvania as the defendant instead of the Postal Telegraph Inc., a Delaware corporation. The effect would be to drop the Delaware corporation and substitute in lieu thereof a corporation of the State of Pennsylvania. If the Postal Telegraph Cable Company of Pennsylvania is to be made the sole defendant, it should be brought into court in the usual way that original defendants are brought into court. Second, the action by the plaintiff is this case is to recover damages by reason of alleged negligence of the defendant. The statute of limitations has

run as against the Postal Telegraph Cable Company of Pennsylvania. The original action was brought about one week before the statute of limitations had run against the original defendant. Third, if the amendment in this case were granted, this court would be without jurisdiction for the reason that the case was removed to this court on the ground of diversity of citizenship. If the amendment was made the plaintiff and defendant would both be citizens of the State of Pennsylvania.

Motion of the Postal Telegraph Cable Company of Pennsylvania to Vacate and Set Aside Service of the Notice Based upon Plaintiff's Petition or Motion to Amend.

As the Court has refused plaintiff's motion to amend, it will not be necessary to make any order on the above motion at this time.