**BLUM v. POSTAL TELEGRAPH, Inc.**

**No. 2003.**

District Court, W. D. Pennsylvania.

April 23, 1945.

See, also, 54 F.Supp. 898.

E. B. Goldsmith and C. J. Tannehill, both of Pittsburgh, Pa., for plaintiff.

Henry O. Evans, of Pittsburgh, Pa., for defendant.

Edw. Schreiner, of Pittsburgh, Pa., for Postal Telegraph Cable Co. of Pennsylvania.

McVICAR, District Judge.

This is an action to recover damages against Postal Telegraph, Inc., by reason of personal injuries alleged to have been caused by the negligence of Postal Telegraph, Inc., April 15, 1940. This action was brought in the Court of Common Pleas of Allegheny County, April 7, 1942, about one week before the statute of limitations had run. In plaintiff's statement of claim he alleged that defendant, the Postal Telegraph, Inc., "is a corporation organized and existing under the laws of the State of Delaware." The action was removed by Postal Telegraph, Inc., to this court.

The action was before this court April 26, 1944 (see opinion filed on that date, 54 F.Supp. 898) on two motions, the first being the motion of defendant to dismiss the action; the second, was the motion of plaintiff to amend his statement of claim or complaint, so as to make the name of the defendant read "Postal Telegraph Cable Company of Pennsylvania." The motion of the defendant to dismiss the action was refused, as was also the motion of the plaintiff to amend the name of the defendant. Plaintiff filed another motion in this court, January 26, 1945, wherein he prayed that the defendant be named "Postal Telegraph, Inc. and Postal Telegraph Cable Company of Pennsylvania." A rule to show cause was granted against the Postal Telegraph Cable Company. Notice of this rule was served by one of the attorneys for the plaintiff upon a person named as Superintendent of the Western Union Telegraph Company, successor to the Postal Telegraph Cable Company. Notice was also served upon the attorney for Postal Telegraph Cable Company specially appearing for said company, for the purpose of objecting to the jurisdiction of this court, vacating the rule to show cause and the service thereof, and of raising the question of the statute of limitations and res adjudicata. Postal Telegraph Cable Company, by its attorney, filed a written motion, February 15, 1945, in which it objected to the jurisdiction of this court and moved the court to set aside the service made on Postal Telegraph Cable Company of Pennsylvania, and objected to the proposed amendment to have the name of the defendant read, "Postal Telegraph, Inc. and Postal Telegraph Cable Company of Pennsylvania."

238

The defendant, against which this action was brought, Postal Telegraph, Inc., is a corporation of the State of Delaware. The additional defendant, which the plaintiff now seeks to add, is the Postal Telegraph Cable Company of Pennsylvania, a Pennsylvania corporation. The effect of plaintiff's motion, if granted, would be to name two persons or corporations parties defendant. If plaintiff desired by his petition to have the Postal Telegraph Cable Company of Pennsylvania named as a party defendant, then he would be required to comply with Rules 3 and 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. These rules require the issuing of a summons by the Clerk, delivery of the same for service to the Marshal and the service of the summons by a U. S. Marshal, his deputy or by some person specially appointed by the court for that purpose.

It is evident that the statute of limitations has run as against the Postal Telegraph Cable Company of Pennsylvania; that the granting of plaintiff's motion by naming a Pennsylvania corporation as a party defendant would divest this court of jurisdiction, it being a Pennsylvania corporation and the plaintiff, also, being a citizen of Pennsylvania.

The question raised by the plaintiff's petition was, in substance, decided by the former order of this court made April 26, 1944; therefore, the motion of the Postal Telegraph Cable Company should be granted.