## CUMMINGS v. RILEY STOKER CORPORATION et al.

### No. 4297.

District Court, W. D. Missouri, W. D.
Sept. 24, 1946.

George V. Aylward, Terence M. O'Brien, and James P. Aylward, all of Kansas City, Mo., for plaintiff.

J. Patrick Quinn, of Mosman, Rogers, Bell & Conrad, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

This case presents very unusual features. The question of fraudulent joinder is not involved. The petition for removal simply asserts that the defendant Riley Stoker Corporation is a non-resident Corporation and that there was no such local corporate entity as Hughes Machinery Company. The latter averment is supported by the affidavit of Elmer L. Hughes. The question for decision, therefore, is whether, upon the facts as hereinafter stated, the case should be remanded or jurisdiction retained here.

The suit as originally brought was against "Riley Stoker Corporation, a Corporation, and Hughes Machinery Company, a Corporation," and was filed on the 22nd of June, 1946. A writ of summons was issued and with copy of complaint was placed in the hands of the sheriff on the same day. The return of the sheriff recites that the writ and copy of the petition was served on the 24th day of June, 1946, in Jackson County, Missouri, upon E. C. Waldsmith, as office manager of Riley Stoker Corporation, and on the same day, and apparently at the same place, the return of the sheriff shows also service of the writ of summons with copy of the petition upon E. C. Waldsmith, Office Manager of Hughes Machinery Company.

The motion to remand is supported by the above mentioned affidavit of Elmer L. Hughes, and which affidavit stated that he has been doing business in Kansas City, Missouri, "for the past twenty-three years; that he as an individual has done business under the name of 'Hughes Machinery Company'; that his place of business is now located at 4034 Broadway, Kansas City, Missouri; that 'Hughes Machinery Company' is not now and never has been a corporation organized under the laws of the State of Missouri or the laws of any other state."

The non-resident corporate defendant timely filed its' petition to remove and on the same day the plaintiff sought to amend by making Elmer L. Hughes a party defendant. The amended complaint, however, was filed after the petition for removal, with bond had been filed. The state court

granted leave to file said amended complaint, but nevertheless immediately thereafter, as it was required to do under the law, ordered removal of the case.

1. The petition for removal does not allege fraudulent joinder. It does not, therefore, challenge the good faith of the plaintiff. The averment is that there is no such an entity as Hughes Machinery Company. Apparently the sheriff, in making his return, had reason to believe that E. C. Waldsmith was manager of both the Riley Stoker Corporation, as well as Hughes Machinery Company, the trade name of Elmer L. Hughes. This may logically be inferred from his return.

■ 2. The rule is, as announced by all of the authorities, that a non-resident defendant, in seeking removal, must allege facts which compel the conclusion that the joinder is fraudulent, that is to say, bad faith on the part of the plaintiff. Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544. Doubtless the non-resident defendant relies on the mere averment which is true, that there is no such corporate entity as Hughes Machinery Company. The defendant has proved that Elmer L. Hughes did business as Hughes Machinery Company, and he was served in his fictitious name. Whether in thus transacting business he complied with Article 3, Chapter 140, R.S.Mo.1939, Mo.R.S.A., does not appear. By Section 15466 it is required that every name under which any person shall do or transact any business in this state "other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state as hereinafter required."

■ Other sections of the statute make it a misdemeanor for a person to transact business in this way without such registration. Assuming that Elmer L. Hughes, as Hughes Machinery Company, was registered with the secretary of state, the records there, while available to the plaintiff would not necessarily be such notice as would challenge his good faith in joining and using the fictitious name adopted by the said Hughes as a corporation. The name is such as may ordinarily be employed by a corporation, and it was a reasonable inference that it was a corporation. The plaintiff was endeavoring to join a local defendant and apparently there was one to be joined.

■ 3. Immediately after having been served with notice of a purpose to remove, the plaintiff prepared and filed an amended complaint. The state judge properly believed that there was merit in the amended complaint and permitted it to be filed, although under the statute he had no right to take such action. Section 72, Title 28 U.S. C.A., specifically provides that, after the filing of a petition for removal with the requisite bond: "It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit." Polito v. Molasky, 8 Cir., 123 F.2d 258.

■ 4. Aside from the question as to whether fraudulent joinder should have been alleged in the removal petition, in the light of the facts, the plaintiff would be entitled to amend his complaint here by making Elmer L. Hughes a party defendant, and since the complaint contains an averment that plaintiff's injuries were occasioned "by the joint and concurrent negligence and carelessness of defendants and each of them, their agents, servants and employees," a joint cause of action is stated and it would be the duty of the court to remand the case. It would, therefore, be a futile thing to hold the case upon the theory of jurisdiction, as, by permissible amendment, the jurisdiction of the court would be ousted.

By Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is the duty of the court freely to grant leave to amend "when justice so requires." It would be highly technical to deprive the plaintiff of his right to proceed in a state court where obviously, in the utmost good faith, he has sought to join with a non-resident corporate defendant a local resident.

The motion to remand will be sustained, and the case will be remanded to the court from which removed.