RUMIG et al. v. RIPLEY MFG. CORPORATION et al.

Civ. A. No. 9763.

United States District Court
E. D. Pennsylvania.

Dec. 1, 1949.

468

---

Harry O. Weinberg, Philadelphia, Pa., for plaintiff.

Sundheim, Folz, Kamsler & Goodis, Philadelphia, Pa., for defendant Neff.

Henry S. Ambler and Frank R. Ambler, Philadelphia, Pa., for defendants Ripley Mfg. Corp. and Riples Clothes Phila. Inc.

McGRANERY, District Judge.

This is an action by plaintiffs against defendants as joint tort-feasors. Diversity of citizenship exists only between plaintiffs and the defendant Ripley Manufacturing Corporation, a corportion organized under the laws of New York. The other two defendants, residents of Pennsylvania, refused to consent to the jurisdiction of this court or to stipulate to the discontinuance of the action against the resident defendants only. Instead, resident defendants move to dismiss the complaint on the ground of lack of jurisdiction, and the nonresident defendant moves for a dismissal on the additional ground of improper service. Plaintiffs move for an order amending the complaint and discontinuing the action against resident defendants.

Under Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Since joint tort-feasors are not indispensable or necessary parties under Rule 19, their liability being both joint and several, the resident defendants may be dropped.

The New York corporation's averment of improper service is not a sufficient basis for dismissing the complaint as to it, in view of the affidavit of service by the marshal, to the effect that he served the Philadelphia agent of that foreign corporation. On the record as it now stands, it cannot be said that the plaintiffs will be unable to establish the necessary agency relationship. See Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635.

Accordingly, an order will be entered denying the motions of the defendants to dismiss, and granting the motion of the plaintiffs to amend the complaint and discontinue the action against the resident defendants.