## DECORATIVE CABINET CORPORATION v. STOR–AID OF OHIO, Inc. et al.

United States District Court
S. D. New York.
May 12, 1950.

Nemeroff, Jelline, Danzig & Paley, New York City, for plaintiff.

Engelson & Burstein, New York City, for defendants.

RIFKIND, District Judge.

Defendant Stor-Aid of Ohio moves to dismiss the complaint on the grounds that this Court lacks jurisdiction over the subject-matter and that the complaint fails to state a claim upon which relief may be granted. Rule 12(b) (1), (6), Federal Rules of Civil Procedure, 28 U.S.C.A. Defendant Stor-Aid of Ohio also moves for an order to strike paragraphs 17 and 18 of the complaint as immaterial, impertinent and scandalous matter. Rule 12(f), F.R. Civ. P. The same motions are also presented on behalf of defendant Irving Blechman if it be held that he is an indispensable party in this action.

Plaintiff having cross-moved that all parties defendant other than Stor-Aid of Ohio, Inc. be dropped, Rule 21, F.R.Civ.P., I shall test the complaint in response to defendants' motion on the theory that plaintiff's motion has been granted.

1. While the complaint does not declare that jurisdiction is founded on diversity, it alleges the facts of citizenship and amount in controversy so as to disclose diversity jurisdiction as between plaintiff and defendant Stor-Aid of Ohio. Under such circumstances the complaint need not be dismissed but may be amended to allege diversity jurisdiction. Keene Lumber Co. v. Leventhal, 1 Cir., 1948, 165 F.2d 815.

2. The complaint, in brief, pleads that plaintiff has been injured through the tortious conduct of the original defendants in circulating through the trade, in which plaintiff and defendants were engaged, a notice that plaintiff was infringing defendants' rights in an invention of a design for which Blechman had filed an application for a design patent. This conduct of the defendants is alleged to be wrongful because the defendants knew that the representations made in the notice were false, and that the design could not have formed the basis for a valid patent, and because defendants circulated the notice with malice, with intent to deceive, and with intent to injure plaintiff. Several types of relief are demanded.

268

Such a complaint states a claim upon which relief may be granted. Cf. Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d 866; Kaplan v. Helenhart Novelty Corp., 2 Cir., 1950, 182 F.2d 311.

3. If the complaint is so conceived as hereinabove paraphrased, the gist of the tort lies in defendants' lack of good faith in making the representations, and does not depend upon the actual validity of Blechman's claims. That the relief demanded is greater than the complaint supports does not alter the nature of the wrong alleged. Hence, Blechman is a joint tort-feasor and no more. As such he is not an indispensable party. Wells v. Universal Pictures Co., Inc., 2 Cir., 1948, 166 F.2d 690, 692.

It is, therefore, permissible to grant plaintiff's cross motion and drop him as a party defendant.

4. Paragraphs 17 and 18 of the complaint, in effect, allege that if defendant has any patent or property rights to any invention, such rights belong to another corporation, now bankrupt, and that any claims by defendant to such rights are in fraud of creditors of such bankrupt corporation. These allegations are attacked by defendant under Rule 12(f), F.R.Civ.P. as immaterial, impertinent and scandalous. But the criticised allegations are no more than footnotes to the allegation of falsity of the representations. Were they omitted from the complaint they could perhaps be proved under the allegation of falsity. They serve, however, to give defendant notice of an issue which might otherwise surprise him. The allegations do not fall within the condemnation of Rule 12(f). However, the 18th paragraph alleges fraud without complying with Rule 9(b) which requires that averments of fraud shall be supported by allegations of the circumstances constituting it with particularity.

The motions are therefore disposed of as follows: The plaintiff's motion to drop all parties defendant except the Ohio corporation is granted; defendant's motion to dismiss the complaint for want of jurisdiction is denied on condition that plaintiff amend promptly to allege diversity jurisdiction; defendant's motion to dismiss the complaint for failure to state a claim is denied; defendant's motion to strike paragraph 17 of the complaint is denied; defendant's motion to strike paragraph 18 of the complaint is granted and plaintiff is given leave to amend.