**BROWN v. INGRAHAM et al.**
**Civ. A. No. 9080.**

United States District Court
W. D. Pennsylvania.

Jan. 24, 1951.

Supplemental Opinion July 27, 1951.

Edward O. Spotts, Jr., Pittsburgh, Pa., for plaintiff.

Arthur G. Stein and Dickie, McCamey, Chilcote, Reif & Robinson, all of Pittsburgh, Pa., for defendants Martha R. Moore, William W. Richardson, Jr., Julia R. Corbin and Robert R. Richardson, defendants herein, and William R. Ingraham, a former defendant.

Paul G. Rodewald and Milton W. Lamproplos (of Smith, Buchanan & Ingersoll), Pittsburgh, Pa., for Betty Ingraham Sampson and T. A. Sampson, former defendants.

Leroy K. Donaldson and Charles Matthews, Jr. (of Matthews & Matheny), New

Castle, Pa., for Dr. John L. Kelly, former defendant.

MARSH, District Judge.

The defendants moved to dismiss this action, setting forth, inter alia, that it does not appear that all of them are citizens of states other than Pennsylvania. Presumably, the plaintiff is a citizen of Pennsylvania.

Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A., requires a short and plain statement of the grounds upon which the court's jurisdiction depends. For this court to entertain jurisdiction on the grounds of diversity of citizenship, it must affirmatively appear in the complaint that the action is between citizens of different states. The plaintiff, in her brief answering the defendants' motions, requests leave to discontinue against all defendants except those who are citizens of states other than Pennsylvania. In said brief, plaintiff also requests leave to amend her complaint so that she may allege that she is a citizen of Pennsylvania and affirmatively state the diversity of citizenship between herself and the remaining defendants.

There being no reason advanced in the briefs filed by defendants against such an amendment, an order will be entered allowing the amendment and dismissing the case against the Pennsylvania defendants.

### On Supplemental Motion to Dismiss Action or Quash Return Service of Summons

The court dismissed this action in trespass brought by a citizen of Pennsylvania against those defendants who admittedly were citizens of Pennsylvania, and permitted the plaintiff to amend her complaint so as to set forth the citizenship of those whom she alleged were citizens of states other than Pennsylvania. A reargument was granted after the filing of the amended complaint because counsel for the nonresident defendants insisted that plaintiff had no right to discontinue as to resident defendants who, he contends, were indispensable parties. Defendants also filed a supplemental motion to dismiss the action or in lieu thereof to quash the return of the service of the summons on the ground that defendants are not residents of Pennsylvania and, therefore, are not subject to service of process within this district and that they have not been properly served with process in this action.

The supplemental motion of the defendants is without merit. The defendants are registered in Mercer County, Pennsylvania, under the Fictitious Names Act[1] to do business as "Mercer Sanitarium." They are engaged in business in Pennsylvania and have been properly served with process in accordance with the laws of Pennsylvania. See Stoner v. Higginson, 1934, 316 Pa. 481, 175 A. 527; Pennsylvania Rules of Civil Procedure, No. 2079, 12 P.S. Appendix; Act of 1856, April 2, P.L. 219 § 1, 12 P.S. § 296; Act of 1858, April 21, P.L. 403 § 1, 12 P.S. § 297. The Federal Rules of Civil Procedure, rule 4(d)(1) and 4(d)(7), 28 U.S.C.A., adopt the manner of service prescribed by state law. Since defendants have been properly served with process in accordance with the laws of Pennsylvania, they have been properly served under the Federal Rules of Civil Procedure. The supplemental motion to quash service is denied.

The contention of defendants that plaintiff had no right to discontinue against Pennsylvania defendants is premised to a great extent upon the alleged fact that they and the nonresident defendants are partners, and, therefore, indispensable parties. We have carefully examined the persuasive brief of the learned counsel for the defendants but in our opinion the original order should not be disturbed. It is sufficient to say that the complaint alleges that all the defendants except Dr. John L. Kelly were registered under the Fictitious Names Act of Pennsylvania to do business as "Mercer Sanitarium" and it does not appear in the original or in the amended complaint that

---

1. Act of 1917, June 28, P.L. 645, 54 P.S. § 21; repealed and now Act of 1945, May 24, P.L. 967, 54 P.S. § 28.1 et seq.

they are partners. But even if they are partners they are not indispensable parties and the court had the power to drop those defendants who were citizens of Pennsylvania under the Federal Rules of Civil Procedure, rule 21, 28 U.S.C.A. Suit may be brought and maintained against one or more of the partners as individuals, since, under the Pennsylvania Uniform Partnership Act, Act of 1915 March 26, P.L. 18, part III § 15, 59 P.S. § 37, partners are jointly and severally liable. See also Weaver v. Marcus, 4 Cir., 1948, 165 F.2d 862, 175 A.L.R. 1305. Because of these views we think we were justified in discontinuing the action as to the Pennsylvania defendants and continuing it against those who are citizens of other states.