**O'NEAL et al. v. TEETER et al.**

**No. 50 C 244.**

United States District Court
N. D. Illinois, E. D.

Feb. 7, 1951.

James A. Dooley, Chicago, Ill., for plaintiffs.

B. S. Quigley, Chicago, Ill., for defendants.

LA BUY, District Judge.

Defendant Bastian-Blessing Co. has filed a motion to quash service of summons and to dismiss for the reason that requisite diversity of citizenship does not exist and therefore the court has no jurisdiction of the matters and things complained of. Four days later, plaintiff moved asking that the court dimiss the complaint as to defendants Malton A. Teeter, Evelyn Teeter, Oscar B. Bowers, Kenneth R. Arnold, Donald Bowers doing business as Bowers Ambulance Service. This motion was held in abeyance pending disposition of the defendant's motion. The complaint alleges plaintiffs are citizens of the State of California and all of the defendants are non-residents of the State of California and that the sum of $3,000 exclusive of interest and costs is involved.

The· complaint alleges that on or about February 28, 1948 plaintiffs purchased a Rego regulator "for the express and implied purpose of ·being used by said plaintiffs as a regulator for the controlling of the flow of oxygen gas" from the defendants Malton A. Teeter, Evelyn M. Teeter and Long Beach Welder's Supply doing business as Long Beach Welder's Supply; that on or about the same day plaintiffs rented from the defendants O. B. Bowers,

K. R. Arnold and Don Bowers d/b/a Bowers Ambulance Service a certain portable oxygen metallic cylinder for the "express and implied purpose of being used by said plaintiffs with the Rego regulator and which said cylinder was supposed to contain oxygen gas under pressure"; that on and prior to said day The Linde Air Products Company was in the business of manufacturing, distributing, selling and supplying portable oxygen metallic cylinders to Bowers Ambulance Service; that on and prior to said date the defendants National Cylinder Gas Company, National Cylinder Gas Company-Pacific Coast, and the Bastian-Blessing Company were in the business of manufacturing, distributing, selling and offering for use to the public a certain oxygen gas pressure regulating device known as the Rego Low Pressure Regulator; that the plaintiffs and decedent W. L. Lowrance were traveling in an automobile in an easterly direction at or near the City of Gila Bend, Arizona; that W. L. Lowrance was ill at the time and required medicinal oxygen which could be given to him at low pressure and there was carried in said automobile the aforementioned metalic cylinder; upon the first occasion of opening the valve of said cylinder for the purpose of admitting oxygen through the regulator, there was a violent fire and explosion which destroyed the automobile and caused severe injuries to the plaintiffs and caused the death of W. L. Lowrance.

An affidavit of William P. Nolan, one of the attorneys for movant, avers that Oscar B. Bowers, Donald Bowers, Malton A. Teeter, Evelyn Teeter, and Kenneth R. Arnold are residents of the city of Long Beach, California. With the exception of Oscar B. Bowers, these are the defendants the plaintiff seeks to have dismissed as parties defendant. It is the contention of movant that plaintiff should not be permitted to do this since jurisdiction of the court is determined as of the time of the filing of the suit and if it does not exist at that time the complaint must be dismissed.

The court is of the opinion that Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. is applicable to a determination of this question. Weaver v. Marcus, 8 Cir., 1948, 165 F.2d 862, 175 A.L.R. 1305. That rule provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

The complaint herein is premised on a tort theory of injury through negligence. Defendant asserts that the negligence complained of is joint and concurrent negligence of all defendants and is indivisible. It is axiomatic that the duties owed to third parties by a dealer are different from those owed by a manufacturer. The parties sought to be dismissed are those from whom the plaintiffs purchased the cylinder and regulator. The movant is alleged to be a manufacturer. The liabilities of the parties are not joint, but are several.

The court is therefore of the opinion that the plaintiff's motion to dismiss certain of the defendants in order to establish the requisite diversity of citizenship should be allowed, the motion to quash and to dismiss of the defendant, Bastian-Blessing, is overruled, and plaintiff is given leave to amend his complaint within ten days from date hereof to allege the citizenship of the remaining defendants. An order in accord herewith has this day been entered.