**PACIFIC GAS & ELECTRIC CO.**
v.
**FIBREBOARD PRODUCTS, Inc.**

No. 32848.

United States District Court,
N. D. California, S. D.

Nov. 5, 1953.

Robert H. Gerdes, Frederick W. Mielke, Jr., William T. Bagley, San Francisco, Cal., Carlson, Collins, Gordon & Bold, Richmond, Cal., for plaintiff.

Gregory A. Harrison, Theodore R. Meyer, Malcolm Tuft and Brobeck,

Phleger & Harrison, San Francisco, Cal., T. H. DeLap, Tinning & DeLap, Richmond, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Plaintiff, a California corporation, commenced this action in the Superior Court of the State of California in and for the County of Contra Costa. At that time the complaint named only one defendant, Fibreboard Products, Inc., another corporation. That defendant, hereinafter referred to as "Fibreboard", seasonably removed the action to this court upon the ground that the parties are citizens of different States.[1]

After removal had been effected and before Fibreboard had answered, plaintiff filed an amended complaint. The amended complaint named as defendants, not only Fibreboard, but also C. R. P. Cash, Claude M. Stitt, and three fictitiously-named Does. The amended complaint contained no allegations as to the citizenship or residence of the parties.

Both complaints, original and amended, pray for damages and injunctive relief, alleging that plaintiff's right thereto arises from the operation of a pulp and paper plant owned and operated in the County of Contra Costa, State of California, by Fibreboard. The theory of plaintiff's right is the same in both complaints. The difference in the two complaints, however, is that the conduct alleged to have invaded plaintiff's right is, by the original, attributed only to Fibreboard, whereas in the amended it is attributed to "defendants" jointly. It is assumed, but without so deciding, that the amended complaint alleges sufficient facts to characterize all of the defendants named therein as joint tort-feasors.[2]

Fibreboard answered the amended complaint and moved: (1) to dismiss the action as to all defendants other than itself; and, (2) to strike certain portions of the amended complaint. Subsequently, plaintiff moved to remand the action to the state court from which it was removed. Fibreboard then coun-

---

1. The petition for removal alleged that the only plaintiff was a resident and citizen of the State of California, that the only defendant was a resident and citizen of the State of Delaware, that plaintiff sought to recover a judgment against defendant in the sum of $24,221.96, as well as injunctive relief, and prayed removal of the action as a civil action between citizens of different States and wherein the amount in controversy exceeds the sum of $3,000.00, exclusive of costs and interests.

2. The amended complaint alleges that "defendants" discharged, from a plant owned and operated by defendant Fibreboard, quantities of chemical dust which tortiously invaded plaintiff's interest as a landowner. There is no allegation as to the relationship of the various defendants, nor is there an allegation that they acted in concert and by way of execution of a common plan, in such tortious conduct.

 The rule in California is that where two or more persons, each acting independently, create or maintain a situation which is a tortious invasion of a landowner's interest in the use and enjoyment of land, each is liable only for such pro-

portion of the harm as such person's contribution to the harm bears to the total harm, and there is no joint liability among such wrongdoers. Miller v. Highland Ditch Co., 87 Cal. 430, 25 P. 550; Slater v. Pacific American Oil Co., 212 Cal. 648, 300 P. 31; Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1, 5 A.L.R.2d 91; California Orange Co. v. Riverside Portland Cement Co., 50 Cal.App. 522, 195 P. 694; City of Oakland v. Pacific Gas & Electric Co., 47 Cal.App.2d 444, 118 P.2d 328; Griffith v. Kerrigan, 109 Cal.App.2d 637, 241 P.2d 296.

The affidavit of one of plaintiff's counsel filed in support of the motion to remand states that defendants C. R. P. Cash and Claude M. Stitt are "supervisory employees of Fibreboard Products, Inc., in charge of the operation which has injured plaintiff." It has been held to be the rule in two other States that a manager of a business may be held liable for damages for the maintenance of a nuisance in connection with the operation of the business. Duncan v. Flagler, 192 Okl. 18, 132 P.2d 939, and Nunnelly v. Southern Iron Co., 94 Tenn. 397, 29 S.W. 361, 28 L.R.A. 421; though apparently the question has not yet been definitely settled in California.

tered with a motion to dismiss the amended complaint. Plaintiff met this latter defense motion with its own "conditional motion" to amend its original complaint by adding parties thereto, if the court should decide that the amended complaint had not been properly filed, or if the court should prefer to make such an order in lieu of making a decision as to the amended complaint.

Basic to all of these motions, except the one to strike, is the determination of the scope of the jurisdiction of this court with respect to this action.

Section 1441 of Title 28, U.S.C., provides this court with jurisdiction to remove certain actions from state courts. That section provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Section 1332 of Title 28, U.S.C., so far as it here applies, provides:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States:"[3]

 The right of removal is to be determined from the plaintiff's pleading at the time of the petition for removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334; and cases there cited. At the time the petition for removal was filed herein, plaintiff's complaint named only Fibreboard as defendant. The petition for removal alleges, and plaintiff concedes, that plaintiff is a citizen of the State of California and that Fibreboard is a citizen of the State of Delaware. The amount in controversy is in excess of $3,000.00.[4] Therefore, the action was properly removed to this court as one over which the court would have had original jurisdiction.

Plaintiff contends, however, that jurisdiction was destroyed by the amending of its complaint to add C. R. P. Cash and Claude M. Stitt as defendants. An affidavit executed by one of plaintiff's attorneys and filed in support of the motion to remand states that both Cash and Stitt are citizens and residents of the State of California.

The position of Fibreboard, with respect to the amended complaint, is as follows:

(1) The amended complaint added no parties to this action, because parties can be added only by order of the court under the authority of Rule 21, F.R.C.P., 28 U.S.C., and cannot be added by an

---

3. So punctuated in the original statute.

4. Both the original and amended complaints pray for damages in the amount of $24,221.96.

amendment of the complaint, as a matter of right, under Rule 15(a), F.R.C.P.

(2) Plaintiff has no right to amend his complaint so as to destroy the jurisdiction of the court.

(3) Even if plaintiff does have the right to amend his complaint so as to destroy the jurisdiction of this court, the exercise of that right is, by the terms of Rule 21, F.R.C.P., subject to the discretion of the court; and a wise discretion requires that the court here deny plaintiff that right.

(4) The jurisdiction of this court, once established by the proper removal of an action from a state court, is not destroyed by an amendment to plaintiff's complaint which adds defendants who are citizens of the same State as plaintiff and alleges that such defendants are jointly liable, with the original defendant who is a citizen of a different State, for the relief demanded.

There are precedents in support of the proposition urged by plaintiff. Holding that a plaintiff may amend his complaint to add a defendant whose presence will destroy diversity of citizenship and the federal jurisdiction which rests thereon are: Highway Construction Co. v. McClelland, 8 Cir., 15 F.2d 187; Galbraith v. Bond Stores, Inc., D.C.W.D. Mo., 4 F.R.D. 319; Roecker v. Railways Express Agency, Inc., D.C.W.D.Mo., 63 F.Supp. 5; Cummings v. Riley Stoker Corp., D.C.W.D.Mo., 6 F.R.D. 5; Schindler v. Wabash Ry. Co., D.C.W.D.Mo., 84 F.Supp. 319; Rowland v. Sellers, D.C. E.D.Tenn., 111 F.Supp. 5; and Heintz v. Ohio Cas. Ins. Co., D.C.S.D.Cal., 112 F.Supp. 199. To the contrary is Blum v. Postal Telegraph, D.C.W.D.Pa., 54 F. Supp. 898. See also Blum v. Postal Telegraph, D.C.W.D.Pa., 60 F.Supp. 237. No lengthy discussion of these cases is required. It suffices to say that none of these decisions are authority which binds this court and that none of them considers the principles which this court considers controlling.

The proposition of whether or not a plaintiff could deliberately oust a federal district court of jurisdiction over his action by voluntarily changing his position therein was discussed by the Supreme Court of the United States in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. It was there said, 303 U.S. at pages 292–295, 58 S.Ct. at page 592:

"* * * And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.

* * * * * *

"We think this well established rule is supported by ample reason. If the plaintiff could, no matter how *bona fide* his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election. If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

"This view is further supported by the authorities as to causes in which jurisdiction depends on diversity of citizenship. It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court.

"The decisions as to remand of a cause removed because it involves a separable controversy are not inconsistent with those concerning remand for lack of jurisdictional

amount. In the case of a separable controversy, if, after removal, the plaintiff discontinues or dismisses as to the defendant who removed, so that there no longer exists any separable controversy, the cause must be remanded. If a cause be removed on this ground the whole case, including the controversy between citizens of the same state, is taken over by the federal court only because one or more of the defendants is entitled to invoke its jurisdiction. The basis of federal jurisdiction failing, it is proper that the remaining parties, who were involuntarily taken into the federal court, should, upon the cessation of the separable controversy which was the cause of their transmission to another tribunal, have their case returned to the state court."

In that case the Supreme Court discussed two different types of acts on the part of plaintiffs, and sanctioned a different jurisdictional result for each. The distinction in principle is that on the one hand there would be prejudice to the rights of the defendant entitled to federal jurisdiction, whereas on the other, there would be no such prejudice. Congress has seen fit to give to certain defendants in civil actions in State courts the right, under certain conditions, to transfer their cases to the federal district courts. If the plaintiff is allowed to defeat the right of such defendants to have their cases heard in federal court by voluntarily changing its pleadings, that right of such defendants is severely limited. On the other hand, where there are several defendants and only one of them is entitled to remove the case because of the existence of a separable controversy, there is no prejudice to any of the defendants if plaintiff can terminate federal jurisdiction by voluntarily dismissing against the defendant entitled to remove. The defend-

ant entitled to the federal forum is not prejudiced because he is out of the law suit altogether. The other defendants are not prejudiced because they had no right to the federal forum in the first place, but were brought there, as was the plaintiff, upon the demand of the defendant who did have a right to such forum.

Applying the dichotomy of "prejudice" or "no prejudice" to the instant situation, it is readily apparent that plaintiff's purported amendment to its complaint would prejudice the rights of Fibreboard if such amendment ousted this court of jurisdiction. If plaintiff were allowed to defeat federal jurisdiction by amending its complaint to add defendants as joint tort-feasors of Fibreboard, the latter's "supposed statutory right of removal would be subject to the plaintiff's caprice" in exactly the same sense as if plaintiff amended to reduce the amount prayed for as damages to less than $3,000.00.

As noted in St. Paul Mercury Indemnity Co. v. Red Cab Co., supra, before plaintiff begins a lawsuit he has certain elections. Here, plaintiff had not only an original election as to the forum, but also an election as to which defendants to sue. There was a choice between one, or two, or all of the three alleged joint tort-feasors. Had plaintiff commenced its action against all of the defendants named in the amended complaint, Fibreboard would have had no right to remove.[5] But plaintiff elected otherwise; and now, absent a showing of any reason for changing that election other than a desire to have the case remanded to the state court, it should not be allowed to prejudice Fibreboard's right to this forum.

This conclusion that plaintiff cannot, as a matter of right, amend its complaint in the manner which it purports to have amended, is further fortified by a consideration of the Federal Rules of

5. The amended complaint alleges the liability for all claims and "causes of action" stated therein to be joint on the part of all of the defendants. Thus there would be no severable cause allowing removal under 28 U.S.C. 1441(c). See Wells v. Universal Pictures Co., 2 Cir., 166 F. 2d 690.

Civil Procedure. Those rules apply to civil actions removed to a United States District Court from a state court and govern procedure after removal. Rule 81(c), F.R.C.P. The application of this rule of law to the amendment of a complaint in a removed action was commented upon by the Supreme Court of the United States in Freeman v. Bee Machine Co., 319 U.S. 448, where, at pages 451–452, 63 S.Ct. 1146, at page 1148, 87 L.Ed. 1509, it was said:

"The Lambert Co. case [Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671] and those which preceded and followed it merely held that defects in the jurisdiction of the state court either as respects the subject matter or the parties were not cured by removal but could thereafter be challenged in the federal court. We see no reason in precedent or policy for extending that rule so as to bar amendments to the complaint, otherwise proper, merely because they could not have been made if the action had remained in the state court. If the federal court has jurisdiction of the removed cause and if the amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment. Though this suit as instituted involved only questions of local law, it could have been brought in the federal court by reason of diversity of citizenship. The rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, is, of course, applicable to diversity causes removed to the federal courts as well as to such actions originating there. But if the federal court has jurisdiction of the removed cause (Mexican National R. Co. v. Davidson, 157 U.S. 201, 15 S.Ct. 563, 39 L.Ed. 672), the action is not more closely contained than the one which orig-

inates in the federal court. The jurisdiction exercised on removal is original not appellate. Virginia v. Rives, 100 U.S. 313, 320, 25 L.Ed. 667. The forms and modes of proceeding are governed by federal law. (Citing cases) * * *."

■ The principles enunciated in Freeman v. Bee Machine Co., supra, formulate the test to be applied to this plaintiff's right to amend its complaint after removal. The test is: If the action had been commenced in this court, would plaintiff have had the right to amend its complaint in the manner in which it purports to have done so?

■ Had the action been begun here, plaintiff would, by its amended complaint, plead itself out of court. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435; Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338; Dollar S. S. Lines, Inc., v. Merz, 9 Cir., 68 F.2d 594; Mathers & Mathers v. Urschel, 10 Cir., 74 F.2d 591; Olsen v. Jacklowitz, 2 Cir.. 74 F.2d 718. This court could not then remand the case to the state court, for the statutory right to remand is limited to cases where jurisdiction was acquired by removal. 28 U.S.C. § 1447(c).

■■ An amendment to a complaint which adds or drops a party requires an order of the court as specified in Rule 21, F.R.C.P., regardless of whether it precedes or follows the first responsive pleading of any defendant. Orloff v. Hayes, D.C.S.D.N.Y., 7 F.R.D. 75; Mitchell v. Carborundum Co., D.C.W.D. N.Y., 7 F.R.D. 523; National Maritime Union of America v. Curran, D.C.S.D. N.Y., 87 F.Supp. 423. See also Curacao Trading Co. v. Federal Ins. Co., D.C. S.D.N.Y., 2 F.R.D. 265, affirmed 2 Cir., 137 F.2d 911. Rule 15(a), F.R.C.P., refers, in general terms, to the broad subject of changes in the pleadings, by amendment. Rule 21, F.R.C.P., refers, in specific terms, to changes in the parties to the action, by adding or dropping some of such parties. Any conflict or ambiguity which results from a comparison of the two rules must be resolved in

favor of the specific and against the general. Thus, when a proposed amendment to a complaint seeks to effect a change in the parties to the action, Rule 21, F.R.C.P., controls and, to that extent, limits Rule 15(a), F.R.C.P.

Rule 21, F.R.C.P., looks to the preservation rather than the destruction, of federal jurisdiction. Under that rule, a defendant who is not an indispensable party and whose presence deprives the court of diversity jurisdiction may be dropped from the action, in order to preserve the court's jurisdiction. Cohn v. Columbia Pictures Corp., D.C.S.D.N.Y., 9 F.R.D. 204; Rumig v. Ripley Mfg. Corp., D.C.E.D.Pa., 9 F.R.D. 467; Decorative Cabinet Corp. v. Stor-Aid of Ohio, Inc., D.C.S.D.N.Y., 10 F.R.D. 266; O'Neal v. Teeter, D.C.N.D.Ill., 11 F.R.D. 180; Brown v. Ingraham, D.C.W.D.Pa., 11 F.R.D. 522. But a defendant may not be added under that rule if such joinder would oust the court of jurisdiction. United States v. County of Cattaraugus, D.C.W.D.N.Y., 67 F.Supp. 294. Furthermore, even if the addition of such defendants as plaintiff proposes were held to be discretionary under Rule 21, F.R C.P., the court should deny plaintiff the right to add such defendants, for reasons already stated.

Denying plaintiff the right to add California residents as defendants does not unduly restrict plaintiff's right to proceed against such defendants. Even now, plaintiff is not irrevocably committed to proceeding against Fibreboard alone. Plaintiff could, by stipulation or by leave of court, dismiss the present action under Rule 41, F.R.C.P. After such dismissal, a new action, joining defendants Fibreboard, Cash and Stitt as joint tort-feasors, could be instituted in the state court. But such joinder cannot be had in this court.

For the reasons stated, the motion to remand should be denied and the amended complaint should be stricken. This, however, is without prejudice to the right of plaintiff to later amend its complaint for any purpose and in any manner not inconsistent with this opinion.

All of the other motions, of both plaintiff and Fibreboard, should be denied.

Counsel for Fibreboard are directed to prepare an order in accordance herewith.