Fred A. WOLSUM, d/b/a Fred Wolsum Drywall Company, and Michigan Surety Company, a corporation, Plaintiffs,

v.

J. W. BATESON COMPANY, Inc., a corporation, and Henry Angelo & Sons, a co-partnership, Defendants.

No. 1688.

United States District Court
W. D. Missouri, S. D.
March 11, 1960.

Thomas A. Shockley, Waynesville, Mo., Mueller & Kenney, St. Louis, Mo., for plaintiffs.

Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., Brundige, Fountain, Elliott & Bateman, ˙ Dallas, Tex., for defendants.

R. JASPER SMITH, District Judge.

For consideration is plaintiff's motion to remand. This suit was filed in the Circuit Court of Pulaski County on September 15, 1959. The complaint states a cause of action for declaratory relief under contracts for the construction of armed services housing at Fort Leonard Wood, Missouri. Plaintiff Wolsum is a citizen of California. The Michigan Surety Company is a citizen of Michigan. Defendant Bateson is a citizen of Texas. The citizenship and status of Henry Angelo & Sons will be hereinafter discussed. Bateson was the prime contractor on the building project around which this controversy centers. Wolsum and Angelo were subcontractors with the Michigan Surety Company acting as surety for Wolsum.

On October 2, 1959, defendant Bateson separately filed its petition for removal to this Court. Removal is predicated upon the theory that it is the only defendant which was validly served and brought within the jurisdiction of the state court and is therefore entitled to remove. The removal petition contains no allegation of fraudulent joinder or that a separate cause of action was stated in the complaint as to defendant Bateson. The complaint, the petition for removal, and other material in the record indicate that Henry Angelo & Sons is in fact a co-partnership. As the caption above indicates, suit was not initiated against the individual partners but was brought in the firm name. Service was attempted to be obtained by delivering "a copy of the summons and a copy of the petition to Patricia Ann Rhoden, person in charge of the office of Henry Angelo & Sons, co-partnership, at Fort Leonard Wood, Pulaski County, Missouri." Simply stated removal is based upon the theory that under Missouri law a partnership cannot be sued in its firm name, that jurisdiction therefore was not achieved over the partnership defendant, and that the sole remaining non-resident defendant therefore could remove.

In its initial premise the theory upon which removal is based is correct. Under Missouri law an action against a partnership must be brought against the individual partners and suit may not be maintained in the firm name. Davison v. Farr, Mo.App.1954, 273 S.W. 2d 500. And it is true that, excepting instances of fraudulent joinder and those involving the issue of a separate cause of action, where several non-resident defendants have been joined and service has been perfected on less than all, those served may remove within the time allotted. Pullman Company v. Jenkins, 1939, 305 U.S. 534, 59 S.Ct. 347, 83 L. Ed. 334; Stamm v. American Telephone & Telegraph Company, D.C.W.D.Mo.1955, 129 F.Supp. 719. The Pullman case also clearly states the corollary to this rule when the Court said [305 U.S. 534, 59 S.Ct. 350]:

"＊ ＊ ＊ But the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. ＊ ＊ ＊"

Where between these two declarations of the law on removal in instances where all defendants have not been properly served, does the present case fall? Defendant Henry Angelo & Sons was joined as a defendant. Assuming, as defendant contends, that service

was invalid as to the partnership, a situation exists in which a defendant or defendants were attempted to be joined but because of state law, were sued in an improper name. Within the scope of proper procedure, plaintiff could amend in this Court in order to state the proper parties and perfect service. See Cummings v. Riley Stoker Corporation, D.C.W.D.Mo.1946, 6 F.R.D. 5. If this is so, the problem becomes one of the residence of the party or parties who were sued in an improper name. As the record now stands, and as it stood at the time that the petition for removal was filed, there is no indication of residence of these parties. It is true that an affidavit by counsel for one of the parties indicates that Henry Angelo & Sons is a "citizen and resident of the State of Florida." But this refers to the domicile of the firm and not of those who would be the proper parties under the state law.

 The Pullman case, supra, clearly sets out when there may be removal in instances where all have not been served. Where a non-resident has not been served, removal is proper; where a resident has not been served it is not. But what of the present problem, where the Court does not know whether the party who has not been served is a resident? On whom does the risk of nondisclosure fall? It is my view that it is on the removing party. Jurisdiction is not a speculative matter. It is a fundamental principle of federal law that matters upon which jurisdiction depends such as citizenship and the amount in controversy must be clearly alleged. In this case this was not done.

The Supreme Court in the Pullman case discussed this problem. One of the parties joined as a defendant in that case was a pullman porter. He was sued under the fictitious name of John Doe One. The Court said:

"We think that the fact that the Pullman porter was sued by a fictitious name did not justify removal. * * * Nor does the fact that the

residence of the porter was not set forth justify disregarding him. It was incumbent upon the Pullman Company to show that it had a separable controversy which was wholly between citizens of different states. As in determining whether there was such a separable controversy with respect to the Pullman Company its porter could not be ignored, the *Company was bound to show that he was a non-resident in order to justify removal."* (Emphasis added)

Since the residence of the party or parties who were joined but not served was not shown here, removal was improper. The motion to remand is therefore sustained. It is so ordered.