**Danielle M. LACOMBE, Plaintiff,**

v.

**MANPOWER, INC., Defendant.**

**Civ. No. 85–0215 HL.**

United States District Court,
D. Puerto Rico.

Jan. 21, 1986.

within that time 'was the result of excusable neglect' would *also* be required" (emphasis in original) ).

Eduardo Castillo Blanco, Marcos Perez Cruz, Castillo-Blanco & Miranda, Hato Rey, P.R., for plaintiff.

Alex Gonzalez, Law Offices of Alex Gonzalez, Hato Rey, P.R., for defendant Manpower, Inc.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff, Danielle M. Lacombe, brought this diversity action under 28 U.S.C. sect. 1332 against defendant, Manpower, Inc., a Wisconsin corporation, to recover damages for injuries resulting from a car accident while plaintiff was a passenger in a car leased by defendant. Defendant has filed a Rule 12(b) motion to dismiss on the grounds that plaintiff failed to join non-diverse indispensable parties under Rule 19. We find that neither the driver nor the owner of the car are indispensable parties to this action and deny the motion.

The car that plaintiff was riding in on January 31, 1984, the night of the accident, was owned by Leaseway of Puerto Rico ("Leaseway"), a Puerto Rico corporation. The driver of the car was Roberto R. Villanueva, a citizen of Puerto Rico. Plaintiff has filed an action based on the same core of operative facts in the Superior Court of Puerto Rico, San Juan Division, against Leaseway, Continental Casualty Co. and John Doe.

Defendant's motion to dismiss in this case presents the issue whether the owner and driver of the car are indispensable parties.

■ Leaseway and Roberto Villanueva have an interest in this case and may be considered persons who should be "joined if feasible" under FRCP 19(a).[1] However,

---

1. FRCP 19(a) states in pertinent part:
   Persons to be Joined if Feasible

   A person who is subject to service of process and whose joinder will not deprive the court of

Rule 19(b) controls here because it is not feasible to join either party without destroying this court's diversity jurisdiction. Rule 19(b) provides:

> Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, *the* absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■■■ As a general rule "if the merits of the case may be determined without prejudice to the rights of necessary parties, absent and beyond the jurisdiction of the court, it will be done and the court of equity will strain hard to reach that result." *Boudrieu v. Pacific Western Oil Co.*, 299 U.S. 65, 57 S.Ct. 51, 81 L.Ed. 42 (1936). Furthermore, Rule 19(b) does not alter the long standing practice of not requiring the addition of joint tortfeasors. *See* Advisory Committee Note to the 1966 amendment to Rule 19, reprinted at 39 F.R.D. 88, 91. Thus a plaintiff may sue one or more defendants without joining the others, and the remaining tortfeasors are not considered indispensable parties. *Provident Tradesmens B & T Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Lopez v. General Motors Corp.*, 697 F.2d 1328 (1st Cir.1983); *Stabilisierungsfonds Fur Wein v. Kaiser, etc.*, 647 F.2d 200 (D.C.Cir.1981); *Munro v. Doherr*, 156 F.Supp. 723 (D.C.Mass.1957); *Rumig v. Ripley Mfg. Corp.*, 9 F.R.D. 467 (E.D.Penn.1949).

■■■ The law of Puerto Rico follows the rule of tort law that tortfeasors are both jointly and severally liable. *See Hanover Ins. Co. v. Liberian Oceanway Corp.*, 398 F.Supp. 104 (D.P.R.1975); *Rivera v. Great American Ins. Co.*, 71 P.R.R. 787. Hence, the plaintiff, here, may file suit against defendant, Manpower, alone, without joining Leaseway and Villanueva as indispensable parties.

Furthermore, after applying the factors suggested by Rule 19(b), we find that Leaseway and Villanueva need not be joined for the purpose of "equity and good conscience." First, a judgment rendered in this case would not prejudice the defendant or the absent parties. The defendant, Manpower Co., has the right to contribution under the law of Puerto Rico if the judgment against it is in excess of its liability. *See Andres Ramos Acosta v. Caparra Dairy*, 85 JTS 4 (1985). Leaseway and Villanueva are unlikely to be bound by a decision of this Court since they are not parties to this action. Second, the joinder of Leaseway and Villanueva is not necessary to render an adequate judgment. Manpower as one of the alleged tortfeasors will be liable for the judgment if it is found negligent. Finally, the court can shape the relief to lessen any prejudice which may arise to defendant.

For the above stated reasons we find that Leaseway and Villanueva are not indispensable parties and need not be joined in this suit. Defendant's motion to dismiss on the grounds of Rule 19(b) is DENIED.

jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) ... (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. . . .